**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**MARCH SESSION, 1998**

FILED

May 15, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | **C.C.A. NO. 01C01-9704-CC-00148** |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **FRANKLIN COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. BUDDY D. PERRY** |
| **TED RAY BRANNAN,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (Aggravated Burglary and Theft) |

**ON APPEAL FROM THE JUDGMENT OF THE
CIRCUIT COURT OF FRANKLIN COUNTY**

<u>FOR THE APPELLANT</u>:

PHILIP A. CONDRA
Public Defender
204 Betsy Pack Drive
Jasper, TN 37347

<u>FOR THE APPELLEE</u>:

JOHN KNOX WALKUP
Attorney General and Reporter

DARYL J. BRAND
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

J. MICHAEL TAYLOR
District Attorney General

STEVEN M. BLOUNT
Assistant District Attorney General
324 Dinah Shore Blvd.
Winchester, TN 37398

OPINION FILED _____

APPEAL DISMISSED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Ted Ray Brannan, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. He was convicted by a Franklin County jury of one count of aggravated burglary and one count of theft of property valued in excess of one thousand dollars ($1000) but less than ten thousand dollars ($10,000).[1] For the aggravated burglary conviction, the trial court sentenced him as a Range III persistent offender to ten years imprisonment with the Department of Correction. For the theft conviction, the trial court sentenced him as a career offender to twelve years imprisonment. The sentences were ordered to run concurrently. In this appeal, the Defendant raises five issues:

> 1) That the evidence was legally insufficient to support the verdicts because the testimony of the Defendant's accomplice was not adequately corroborated;
> 2) that the trial court erred in charging the pattern jury instruction defining accomplice;
> 3) that he was denied due process by the State's failure to produce the accomplice's prior statement until trial;
> 4) that he was denied his right to confront witnesses by the trial court's restriction of cross-examination of the accomplice on the subject of the accomplice's pretrial diversion application; and,
> 5) that he was denied due process by the State's failure to disclose alleged discussions of leniency for the accomplice in exchange for his testimony against the Defendant.

As we will discuss below, we conclude that the Defendant has waived consideration of issues two through five because he failed to file a timely motion for new trial. Furthermore, because the Defendant also failed to file a timely notice of appeal, we conclude that he has waived consideration of his first issue, and we therefore dismiss this appeal.

---

[1] Tenn. Code Ann. §§ 39-14-403, 39-14-103, and 39-14-105(3).

We begin with a very brief summary of the pertinent facts. On January 10, 1994, the home of J.C. Garner was burglarized. An item of jewelry and three shotguns were taken from the home. Charles Rose drove by the Garner home at approximately noon on January 10, 1994. He observed a blond-haired young man standing near the road cradling guns in his arms and decided to investigate the situation further. As he drove up the road a short distance looking for a suitable place to turn around, he passed a brown van. Rose turned around and drove back toward the spot where the young man had been standing. En route, he again passed the brown van, this time traveling in the opposite direction. He could not find the blond-haired young man.

A short time later, a brown van was stopped in nearby Coffee County. The driver of the van was the Defendant. Mickey Arp was a passenger in the van. Police officers discovered three shotguns concealed under some clothing in the rear of the van and a woman's gold watch on the person of Mickey Arp. J.C. Garner later identified the property as having been taken from his home. It appears that at the time of the crimes, Mickey Arp was nineteen years old and had blond hair. The Defendant was forty years old and had brown hair.

Mickey Arp implicated the Defendant in the commission of the crimes. Arp testified that the Defendant picked him up and drove to the Garner home. The Defendant then told Arp which door Garner left unlocked and the location of the guns in the home. According to Arp, the Defendant told him that he would drop Arp off, drive down the road a short distance, turn around and come back to pick Arp up outside the home. J.C. Garner testified that he had known the Defendant

since the latter had been a child. Garner stated that the Defendant had been in his home several times.

On March 8, 1994, the Defendant and Mickey Arp were jointly indicted on charges of aggravated burglary and theft of property valued between one thousand dollars ($1000) and ten thousand dollars ($10,000). Mickey Arp's case was later severed from the Defendant's case. The Defendant was tried on September 1, 1994, and found guilty as charged.

It is at this point in the procedural history of the Defendant's case that the problems which lead to our disposition of this appeal develop. The Defendant's sentencing hearing was originally set for October 11, 1994. Up to that point, the Defendant had been represented by the District Public Defender. On October 11, 1994, however, the Defendant informed the trial court that he had retained an attorney, Arthur Jenkins, to represent him. In response, the trial court entered an order relieving the District Public Defender and entering Arthur Jenkins as counsel of record. The trial court continued the sentencing hearing to November 4, 1994, to allow new counsel time to prepare. The sentencing hearing was conducted on November 4, with the Defendant receiving a ten-year Range III persistent offender sentence for aggravated burglary and a twelve-year career offender sentence for theft.

On November 9, 1994, in response to confusion over who bore the responsibility for preparing the transcript of the evidence for appeal, the District Public Defender filed a motion to ascertain the responsibilities of his office with regard to representation of the Defendant. The District Public Defender sent

notice to the District Attorney General's office and to Arthur Jenkins that he intended to bring the motion before the trial court for a hearing on November 18, 1994. The trial court did indeed conduct a hearing on the motion on November 18, 1994, at which time the trial court reaffirmed that the District Public Defender had been relieved of representing the Defendant and that Arthur Jenkins was counsel of record for all further proceedings. An order was filed to that effect on December 15, 1994, *nunc pro tunc*. On December 1, 1994, Arthur Jenkins filed a motion seeking to be relieved as counsel for the Defendant and to have the District Public Defender reinstated. It appears, however, that the motion was never presented to the trial court for a hearing.

Nothing further took place regarding the Defendant's case for many months. On November 22, 1995, the Defendant filed a complaint against Arthur Jenkins with the Board of Professional Responsibility, alleging that he had been having difficulty communicating with Jenkins about the status of his case. On January 9, 1996, the trial judge conducted a hearing in chambers, at which time he relieved Arthur Jenkins as counsel of record, reinstated the District Public Defender, and allowed for a "delayed appeal" by granting thirty days within which to file a motion for new trial. On February 9, 1996, the District Public Defender filed a motion for new trial, which was amended on October 15, 1996. The trial judge conducted a hearing on the motion for new trial on November 18, 1996, at which time he denied the motion. The District Public Defender filed a notice of appeal on December 11, 1996.

Having set forth the procedural background of the present case, we turn now to the principles which lead to our disposition. A motion for new trial is

required to be filed "within thirty days of the date the order of sentence is entered." Tenn. R. Crim. P. 33(b). This time period is mandatory and cannot be extended. Tenn. R. Crim. P. 45(b); State v. Martin, 940 S.W.2d 567, 569 (Tenn. 1997); State v. Dodson, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989). A trial court does not have jurisdiction to hear and determine the merits of a motion for new trial which has not been timely filed. Martin, 940 S.W.2d at 569; Dodson, 780 S.W.2d at 780. Thus, a trial court's erroneous consideration of an untimely motion for new trial does not validate the motion. Id. The failure to file a motion for new trial in a timely manner renders waived those issues which may result in the granting of a new trial. Id. In other words, an appellate court will not consider any issue raised in the motion unless it would result in dismissal of the prosecution. Id.

In the case sub judice, the order of sentence was entered on November 4, 1994. The Defendant filed a motion for new trial on February 9, 1996, well after the expiration of the thirty-day period. As a result, we can only conclude that the Defendant has waived consideration of issues two through five raised on this appeal.[2] Because of the untimely motion for new trial, our review is confined solely to the first issue on appeal, addressing the sufficiency of the evidence. See Dodson, 780 S.W.2d at 780.

---

[2] Of course, this Court has discretion to review the record for apparent errors to prevent needless litigation, injury to the interest of the public and prejudice to the judicial process. Tenn. R. App. P. 13(b). Furthermore, it is within this Court's discretion to notice at any time an error affecting a substantial right of the defendant, even though not raised in a motion for new trial, where necessary to do substantial justice. Tenn. R. Crim. P. 52(b). We decline to exercise our discretion in the case at bar.

In addressing the Defendant's first issue, challenging the sufficiency of the convicting evidence, we are faced with another problem stemming from the failure to file a motion for new trial in a timely fashion. A notice of appeal is required to be filed with the clerk of the trial court within thirty days after the date of entry of the judgment or order from which relief is sought. Tenn. R. App. P. 4(a). Timely filing of a motion for new trial tolls this period until entry of the order denying the motion for new trial. Tenn. R. App. P. 4(c).

In the present case, because the untimely motion for new trial was a nullity, it did not toll the thirty-day period for filing a notice of appeal. See State v. Davis, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987). The Defendant filed his notice of appeal on December 11, 1996, well beyond the thirty-day period from the entry of the judgments of conviction on November 4, 1994.

Of course, Rule 4(a) of the Tennessee Rules of Appellate Procedure provides that the notice of appeal document is not jurisdictional and that timely filing may therefore be waived in the interest of justice. In the case sub judice, however, the Defendant has failed to present any reason why the interest of justice requires waiver of the necessity for timely filing of a notice of appeal. We find nothing in the record before this Court from which we can conclude that the interest of justice requires us to waive timely filing of the notice of appeal.

For the reasons set forth in the discussion above, we conclude that the Defendant has waived consideration of issues two through five because he failed to file a timely motion for new trial and has waived consideration of his first issue

because he failed to file a timely notice of appeal.  We therefore dismiss this appeal.


                                  _____
                                  DAVID H. WELLES, JUDGE


CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
JOE G. RILEY, JUDGE