IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 13, 2005

## STATE OF TENNESSEE v. EFRAIN MURILLO RAMIREZ

**Appeal from the Criminal Court for Greene County**
**No. 04CR201     James E. Beckner, Judge**

---

**No. E2005-00550-CCA-R3-CD - Filed January 23, 2006**

---

The defendant, Efrain Murillo Ramirez, who is serving an eight-year Department of Correction sentence for a Greene County Criminal Court jury conviction of possession of one-half or more grams of cocaine with intent to sell or deliver, appeals and challenges the trial court's denial of his motion to suppress the cocaine seized from his automobile. Because the suppression issue has been waived by the failure to file a timely motion for new trial, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

Greg W. Eichelman, District Public Defender; and Ethel Rhodes, Assistant District Public Defender, for the Appellant, Efrain Murillo Ramirez.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; C. Berkeley Bell, Jr., District Attorney General; and Cecil Mills, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

Aggrieved of the police officers' seizure of cocaine from his parked, unoccupied automobile following detection by a trained narcotics-sniffing dog, the defendant filed a pretrial motion to suppress the evidence. After a hearing, the trial court denied the motion. Therefore, the case proceeded to trial and, ultimately, to a conviction and the imposition of the eight-year sentence. The defendant's issues on appeal relate solely to the propriety of the trial court's denial of the motion to suppress. In his brief, the defendant asks for a new trial.

The record before us reflects that the trial court's judgment of conviction was entered on January 13, 2005. The denial of the suppression motion was raised in a motion for new trial, but

the motion was not filed until February 15, 2005.  As such, the motion for new trial was late.  *See* Tenn. R. Crim. P.  33(b) (specifying a period of 30 days for filing a motion for new trial).

> [I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence . . . or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

Tenn. R. App. P. 3(e).  The rule is mandatory; extensions of time for filing the motion for new trial are not allowed.  Tenn. R. Crim. P. 45(b); *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997).

Accordingly, the suppression issue is waived, and the judgment of the Criminal Court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE
