# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
February 20, 2008 Session

## STATE OF TENNESSEE v. CHAD LEWIS MONETTE

**Direct Appeal from the Circuit Court for Houston County**
No. 4678     Robert E. Burch, Judge

---

**No. M2006-02462-CCA-R3-CD - Filed September 4, 2008**

---

Following a bench trial in the Houston County Circuit Court, the defendant, Chad Lewis Monette, was convicted of one count of aggravated sexual battery, a Class B felony, as a lesser-included offense of rape of a child. He was subsequently sentenced to eight years in the Department of Correction. On appeal, the defendant contends that his conviction should be reversed because aggravated sexual battery is not a lesser-included offense of rape of a child. He further challenges the admission and consideration of certain testimony and exhibits introduced as evidence at trial. Following review of the record, we conclude that aggravated sexual battery is a lesser-included offense of rape of a child; thus, no error occurred in the conviction. With regard to the evidentiary issues, we conclude that the defendant has waived consideration of the issues by his failure to contemporaneously object at trial, his failure to raise the issues in his motion for new trial, or his failure to cite to legal authority on appeal. Because the alleged evidentiary issues do not rise to the level of plain error, we decline review. Accordingly, the judgment of conviction is affirmed

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., and DAVID G. HAYES, SR. J., joined.

Jim Sowell, Dickson, Tennessee, for the appellant, Chad Lewis Monette.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Carey J. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

In 1994, the defendant and his wife, who were homeless, began living with the victim's family and continued to do so "off and on" for several years. Living in the home at the time were

the victim, her parents, and her two sisters. The victim's mother hired the defendant's wife to work as a housekeeper, and, according to the victim, the defendant often babysat the three children. During their stay, the defendant's wife began having an affair with the victim's father, and the victim's mother left the home in 1998. The victim and her two sisters went back and forth between their parents' two households. During this period, the three referred to the defendant's wife as "daddy's girlfriend." Testimony established that the defendant's wife and the victim's father slept in the bedroom, and the defendant, who continued living with them, slept on the couch in the living room.

According to the victim, the inappropriate conduct by the defendant started when she was seven or eight years old. She stated that he would touch her "bottom" and that he tried unsuccessfully to put his "private part" inside her. She testified regarding a specific incident, which occurred in August of 2003, during which she was in the living room playing video games and the defendant asked her to lie beside him on the couch. According to the victim, the defendant touched her vagina and tried unsuccessfully to put his "private part" in her vagina. She informed the defendant's wife what had occurred because she "couldn't take it anymore," but nothing was done about the defendant's conduct.

Approximately one month later, the victim visited her mother for the weekend and was acting "withdrawn." Her mother became concerned and began questioning her, and the victim "opened up" to her mother about the defendant's acts. Her mother contacted the authorities, and the victim, along with her two sisters, was interviewed. The victim, age twelve at the time, was interviewed by David Hicks and Bonnie Biggs, and she informed them what the defendant had done.

A Houston Country grand jury subsequently indicted the defendant for four counts of rape of a child, and a bench trial was held. Because of conflicts in the proof presented, the State elected to proceed on only one count of aggravated sexual battery. Because jeopardy had attached, the trial court found the defendant not guilty of three counts of rape of a child but guilty of aggravated sexual battery, as a lesser-included offense of rape of a child, in Count 4. The court then sentenced the defendant to a term of eight years, to be served at one hundred percent, in the Department of Correction. Following the denial of his motion for new trial, the defendant filed a timely notice of appeal.

**Analysis**

On appeal, the defendant raises multiple issues for our review. First, he contends that his conviction should be reversed because aggravated sexual battery is not a lesser-included offense of rape of a child. He also raises five evidentiary issues for review.

## I. Lesser-included Offense

First, the defendant contends that his conviction for aggravated sexual battery should be reversed because it is not a lesser-included offense of the indicted offense of rape of a child.

-2-

Specifically, he contends that the elements of aggravated sexual battery are not included in the elements of rape of a child and that the mental state of a defendant who commits aggravated sexual battery is not less culpable than one who commits rape of a child.

In *State v. Burns*, 6 S.W.3d 453, 466-67 (Tenn. 1999), our supreme court set forth the current test for determining if an offense is a lesser-included. Pursuant to *Burns*, an offense is a lesser-included offense if:

    (a) all of its statutory elements are included within the statutory elements of the offense charged; or

    (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing

        (1) a different mental state indicating a lesser kind of culpability; and/or

        (2) a less serious harm or risk of harm to the same person, property or public interest; or

    (c) it consists of

        (1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included in part (a) or (b); or

        (2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or

        (3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

*Burns*, 6 S.W.3d at 466-67.

Rape of a child is defined as "the unlawful sexual penetration of a victim" under thirteen years of age. T.C.A. § 39-13-522(a) (2006). By contrast, aggravated sexual battery requires unlawful sexual contact with a victim less than thirteen years of age. T.C.A. § 39-13-504(a)(4) (2006). Unlawful sexual contact includes "the intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." T.C.A. § 39-13-501(6) (2006).

The defendant's argument in this case ignores established precedent which has repeatedly held that, when the victim is less than thirteen years of age, aggravated sexual battery is a lesser-included offense of rape of a child. In *State v. Elkins*, our supreme court specifically recognized that aggravated sexual battery was a lesser-included offense of rape of a child. 83 S.W.3d 706, 713 (Tenn. 2002); *see also State v. Evans*, 108 S.W.2d 231, 237 (Tenn. 2003); *State v. Biggs*, 218 S.W.3d 643, 657 (Tenn. Crim. App. 2006). In direct contravention of the defendant's argument, this court has held that aggravated sexual battery is a lesser-included offense under part (b)(1) of the *Burns* test because a defendant's "intent to touch a victim's intimate parts for the purpose of sexual arousal constitutes a mental state reflecting a lesser degree of culpability than the reckless, knowing, or intentional commission of sexual penetration for any reason." *State v. Chester Wayne Walters*, No. M2003-03019-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 1052 (Tenn. Crim. App. at Nashville, Nov. 30, 2004). In this case, the victim was under thirteen years of age when the crime

occurred. Thus, the defendant's argument is without merit, and his conviction for aggravated sexual battery, as a lesser-included offense, was proper.

## II. Evidentiary Issues

Next, the defendant raises a myriad of evidentiary issues. First, he alleges that the testimony of David Hicks, the investigator who interviewed the victim, as well as the memorandum report prepared of the interview, should have been excluded as hearsay because Hicks had no personal knowledge of the facts contained in the memorandum. Second, he contends that the court erred in failing to voir dire the twelve-year-old victim and her nine-year-old sister prior to their testimony at trial to ensure their understanding of the oath. Third, the defendant alleges that the court erred in giving consideration to the testimony of the victim's sister because she was not a credible witness based upon her failure to accurately recall events. The defendant also challenges the admission of the tape of the interview with the victim, asserting it was introduced without foundation or authentication in violation of Tennessee Rule of Evidence 901. Finally, he contends that the court erred in allowing portions of the cross-examination of the defendant's wife because it was hearsay.

On appeal, the State argues that the defendant has waived review of these issues by both his failure to contemporaneously object at trial and his failure to include the issues in his motion for new trial. The State further contends that the issues are not proper for plain error review. We agree.

Review of the record before us indicates that the defendant did not contemporaneously object to the admission of the challenged testimony or exhibits during trial. In fact, with regard to memorandum report prepared by Hicks, it was the defendant's own trial counsel who moved for admission. Pursuant to the rules of our court, the failure to object contemporaneously to the admission of evidence constitutes waiver. Tenn. R. App. P. 36(a) (nothing in the rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error); *see also State v. Thompson*, 36 S.W.3d 102, 108 (Tenn. Crim. App. 2000) ("This court is extremely hesitant to put a trial court in error where its alleged shortcoming has not been the subject of a contemporaneous objection").

Likewise, the defendant also failed to include any of the challenged issues in his motion for new trial, in which he challenged only the sufficiency of the convicting evidence. As such, the issues have not been preserved for appellate review. *See* Tenn. R. App. P. 3(e) (stating that "in all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, . . . unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived"); *see also State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997) (holding that a defendant relinquishes the right to argue on appeal any issues which should have been presented in a motion for new trial); *State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989).

Finally, with regard to the issues regarding the testimony of David Hicks, the testimony of the victim's sister, and the cross-examination of the defendant's wife, the defendant has failed to cite to any legal authority in support of his contentions. Thus, those issues are waived upon that ground as well. *See* Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b).

Despite waiver by the defendant, we note that "an error which has affected the substantial rights of an accused may be noticed at any time, even though not raised in the motion for new trial or assigned as error on appeal," if the appellate court considers such notice "necessary to do substantial justice." Tenn. R. Crim. P. 52(b). In conducting a plain error review, a court will reverse for plain error only if:

(a) The record . . . clearly establish[es] what occurred in the trial court;
(b) a clear and unequivocal rule of law [has] been breached;
(c) a substantial right of the accused [has] been adversely affected;
(d) the accused did not waive the issue for tactical reasons; and
(e) consideration of the error is "necessary to do substantial justice."

*State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000) (quoting *State v. Adkisson*, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). The appellate court need not consider all five factors if it determines that any single factor indicates that relief is not warranted. *Id.* at 283. Furthermore, for this court to reverse the judgment of the trial court, the "'plain error' must [have been] of such a great magnitude that it probably changed the outcome of the trial," and "recognition should be limited to errors that had an unfair prejudicial impact which undermined the fundamental fairness of the trial court." *Adkisson*, 899 S.W.2d at 642. Moreover, it is the defendant, not the State, who bears the burden of demonstrating plain error. *State v. Gomez*, 239 S.W.3d 722, 727 (Tenn. 2007) (*Gomez II*).

After review, we cannot conclude that the alleged evidentiary errors complained of by the defendant rise to the level of plain error. This court has held that "rarely will plain error review extend to an evidentiary issue." *State v. Ricky E. Scoville*, No. M2006-01684-CCA-R3-CD, 2007 Tenn. Crim. App. LEXIS 711 (Tenn. Crim. App. at Nashville, Sept. 11, 2007). The defendant has failed to carry his burden of showing that consideration of the alleged errors are "necessary to do substantial justice" in this case. Accordingly, we do not extend review.

**CONCLUSION**

Based upon the foregoing, the conviction for aggravated sexual battery is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE