# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
December 6, 2011 Session

## STATE OF TENNESSEE v. ANTHONY T. WOODS

**Direct Appeal from the Circuit Court of McNairy County**
**No. 2554     J. Weber McCraw, Judge**

---

**No. W2010-01301-CCA-R3-CD  - Filed January 13, 2012**

---

The Defendant, Anthony T. Woods, was convicted by a McNairy County jury of one count of facilitation of intent to deliver less than 0.5 grams of cocaine and one count of simple possession of marijuana.  The trial court sentenced the Defendant as a Range II multiple offender to six years for the facilitation conviction and to eleven months and twenty-nine days for the simple possession conviction.  The Defendant now appeals.  The Defendant claims that the trial court erred in: (1) denying his motion to suppress; (2) denying the Defendant's request to introduce either an audio tape recording or a transcript of certain testimony from the preliminary hearing; and (3) finding sufficient evidence to support the convictions.  After a careful review of the record, we conclude that the Defendant failed to file a timely motion for new trial before the trial court.  Additionally, the Defendant failed to file a timely notice of appeal.  Finally, he has made no request and offers no evidence to support this Court waiving the untimely notice of appeal in the interest of justice. Accordingly, we dismiss the Defendant's appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JEFFREY S. BIVINS, delivered the opinion of the Court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Karen Tucker Fleet, Bolivar, Tennessee, for the appellant, Anthony T. Woods.

Robert E. Cooper, Jr., Attorney General & Reporter; Sophia S. Lee, Senior Counsel; Mike Dunavant, District Attorney General; Bob Gray, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I. Background Facts and Procedure

The Defendant was convicted of one count of facilitation of intent to deliver less than 0.5 grams of cocaine and one count simple possession of marijuana.[1] After conducting a sentencing hearing on March 5, 2010, the trial court sentenced the Defendant to six years as a Range II multiple offender for the facilitation conviction and to eleven months and twenty-nine days for the simple possession conviction. The uniform judgment orders evidencing these convictions and sentences were filed on March 5, 2010. The Defendant filed a motion for new trial on April 19, 2010. The parties' briefs indicate that the trial court conducted a hearing on the motion for new trial. However, the record contains neither an order evidencing the outcome of that hearing or a transcript of that hearing.[2] The Defendant subsequently filed a notice of appeal on June 14, 2010.

## II. Analysis

The State contends that the Defendant's motion for new trial and the notice of appeal were not timely filed in this case. Rule 33(b) of the Tennessee Rules of Criminal Procedure provides that a motion for new trial "shall be in writing . . . within thirty days of the date the order of sentence is entered." In State v. Stephens, 264 S.W.3d 719 (Tenn. Crim. App. 2007), this Court expressly addressed the issue of what constitutes "the order of sentence" under Rule 33(b). After a review of relevant statutory and case law, the Stephens court concluded that the uniform judgment document constitutes the order of sentence for purposes of Rule 33(b). Id. at 728-29.

Thus, in the instant case we look to the date of the filing of the uniform judgment documents to determine when the thirty day period for filing a motion for new trial began to run. The uniform judgment documents for the Defendant's convicted offenses were filed on March 5, 2010. The Defendant did not file his motion for new trial until April 19, 2010, substantially more than thirty days after entry of the order of sentence under Rule 33(b). Unlike an untimely notice of appeal, this thirty-day provision is jurisdictional and may not be extended. Id; accord State v. Martin, 940 S.W.2d 567, 569 (Tenn. 1997); see also Tenn. R. Crim. P. 45(b) (specifically excluding time for filing a motion for new trial from those

---

[1] The Defendant originally was indicted on four counts of drug related offenses. The State nolled two of the counts before trial.

[2] There also is no evidence of any minute entry of an order ruling on the motion for new trial.

time periods which the court may extend in its discretion). Therefore, we must conclude that the Defendant failed to file his motion for new trial in a timely manner.[3]

Likewise, it then follows that the date for filing a timely notice of appeal was thirty days from March 5, 2010. See Tenn. R. App. P. 4(a). Unlike the procedure involving the motion for new trial, the time period for filing the notice of appeal to this Court is not jurisdictional. Id; see also State v. Dodson, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989). This Court may waive the notice of appeal time requirement in the "interest of justice." See Tenn. R. App. P. 4(a). In this case, the Defendant did not file his notice of appeal until June 14, 2010, over sixty days past the timely filing deadline. Thus, clearly the notice was not timely filed.

The issue for this Court then becomes whether we should waive the deadline in the interest of justice. At no time in this case has the Defendant acknowledged that the motion for new trial and the notice of appeal were untimely filed. Similarly, there has been no request by the Defendant for this Court to accept the late filed notice of appeal in the interest of justice. This despite the fact that the State squarely raised the issue in its brief filed in this case. When questioned about the issue at oral argument, counsel for the Defendant simply stated that the trial court, apparently by local custom, required an order be filed after a sentencing hearing summarizing the findings of the trial court at the sentencing hearing. Counsel contended that the thirty-day period for filing the motion for new trial did not begin to run until that order was filed. Therefore, in counsel's opinion, all filings were timely. Again, there was no request to accept the notice of appeal in the interest of justice.

Clearly, the law dictates that the time period for filing the motion for new trial begins to run with the filing of the uniform judgment documents. See Stephens, 264 S.W.3d at 728-29. Counsel for the Defendant has not cited to us any authority for the position that an order required by local custom alters the filing deadlines established by the Rules of Criminal Procedure and the Rules of Appellate Procedure. Additionally, our research has found no such authority.

Finally, the Defendant has offered nothing to support this Court allowing the late filed notice of appeal in the interest of justice. Moreover, our review of the record finds no compelling reason to waive this filing deadline. Accordingly, we conclude that the notice of appeal was untimely filed and dismiss the appeal.

---

[3] A motion for new trial that is not timely filed is a nullity. State v. Dodson, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989). A trial court's erroneous consideration of an untimely motion for new trial, which apparently did occur in this case, does not validate the motion. Id.

### III.  Conclusion

Because the motion for new trial and the notice of appeal in this case were untimely filed and because we have determined that no facts exist warranting a waiver of this untimely filing of the notice of appeal in the interest of justice, the appeal is hereby dismissed.


_____
JEFFREY S. BIVINS, JUDGE