
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 21, 2017

## STATE OF TENNESSEE v. TERRY TRAMMELL

**Appeal from the Criminal Court for Knox County**
**No. 106529   G. Scott Green, Judge**

_____

**No. E2016-01267-CCA-R3-CD**

_____

Defendant, Terry Trammell, was convicted of two counts of theft after a jury trial.  The trial court merged the two counts and sentenced Defendant to a twelve-year sentence.  On appeal, Defendant challenges the trial court's denial of a continuance and the sufficiency of the evidence.  After a review, we determine Defendant waived the issue with respect to the continuance for failure to raise the issue in a motion for new trial and failure to present an adequate record on appeal.  Additionally, we determine the evidence was sufficient to support the conviction.  Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. ROSS DYER, JJ., joined.

Nicholas W. Lee, Knoxville, Tennessee, for the appellant, Terry Trammell.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Charme P. Allen, District Attorney General; and Takisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant was indicted by the Knox County Grand Jury in October of 2015 for two counts of theft of property valued at least $1000 but less than $10,000.  Count One of the indictment alleged that Defendant knowingly and unlawfully obtained tablet computers from an Aaron's Sales and Leasing store without their effective consent.

Count Two of the indictment alleged that Defendant knowingly and unlawfully exercised control over tablet computers from Aaron's Sales and Leasing. Two days prior to trial, Defendant filed a motion for a continuance on the basis that a material witness, Jordan Edward Yarber, could not be located.

According to a minute entry in the technical record from Tuesday, April 5, 2016, the trial court held a hearing on the motion for a continuance. The minute entry indicates that the trial court heard proof and arguments of counsel and denied the motion. There is neither a transcript from this hearing nor a formal order disposing of the motion in the technical record.

The matter proceeded to trial at which the general manager of Aaron's Sales and Lease, Sam Hartness, testified. Mr. Hartness was responsible for monitoring the store's delivery area in the back of the store as well as watching the area around the front desk.

On July 9, 2015, Mr. Hartness had only been working at the North Broadway store location for approximately six months but had worked for the company for a longer period of time. At around 3:30 p.m., Mr. Hartness saw Defendant and several others walk into the store and look around. Admittedly, Mr. Hartness was busy because he was "short staffed that day" and he was "going back and forth" between the delivery area in the rear of the store and the showroom area in the front of the store where customers were looking around. Mr. Hartness did not witness Defendant and his companions leave the store but noticed "ten, fifteen minutes" later that they were gone. Mr. Hartness explained that it "was probably the next day when [he] was reconciling our weekly inventory [that he] realized that two of [the] tablets had gone missing." Mr. Hartness recalled that the tablets were last seen on the front counter of the store and had a value of $549.99 each. Mr. Hartness explained that the tablets were not new but had been rented by "about two people" prior to their return to the store. The tablets could not be located so Mr. Hartness "reviewed the video cameras after talking to the associates to see if anybody had moved them." On the video, Mr. Hartness identified Defendant. He saw Defendant "approach the front counter one of the times when [his] attention was not up front." Defendant appeared to "reach[] over where . . . the two tablets [were] laying, grab[] one of our monthly advertising flyers, slip[] it over [the tablets], and tuck[] them under his arm and walk[] out the front door." Mr. Hartness filed a police report.

A few days later, Defendant returned to the store and asked about "some merchandise." Mr. Hartness was able to get Defendant's name and relay that information to the police. Mr. Hartness identified Defendant from a photographic lineup.

Defendant did not present proof at trial. The jury found Defendant guilty of two counts of theft. The trial court sentenced Defendant as a Career Offender to twelve years

on each count. The trial court merged Count Two with Count One, for a total effective sentence of twelve years at 60%.

*Analysis*

On appeal, Defendant challenges the trial court's denial of the motion to continue. Specifically, Defendant insists that he "should have been afforded additional time to interview witness Jordan Yarber" because "Jordan Yarber had already pled guilty to the offense for which [Defendant] stood trial." Defendant also challenges the sufficiency of the evidence.

It appears that Defendant failed to file a motion for new trial. When a defendant fails to file a written motion for new trial within the required thirty days, the defendant loses not only the right to have a hearing on the motion, but he opportunity to argue on appeal any issues that were or should have been presented in the motion for new trial. *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997); *see also* Tenn. R. App. P. 3(e) (stating that an issue is waived if a defendant fails to raise a "ground upon which a new trial is sought" in a motion for new trial).

Moreover, Defendant has failed to present this Court with an adequate record for review. The appellate record does not contain a transcript from the hearing on the motion to continue. As we have often cautioned, an appellant has the duty to prepare an appellate record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b); *State v. Banks*, 271 S.W.3d 90, 170 (Tenn. 2008).

Lastly, Defendant pleads for this Court to review the issue for plain error. We decline to do so. Defendant has failed to provide a record establishing what occurred in the trial court. For this reason alone, he is not entitled to plain error review. *See State v. Smith*, 24 S.W.3d 274, 283 (Tenn. 2000) (concluding that a defendant is not entitled to plain error review if all five factors are not established or if "it is clear from the record that at least one of the factors cannot be established"). This issue is waived.

With regard to the sufficiency of the evidence, Defendant argues that Mr. Hartness did not actually see Defendant leave the store with the tablets, instead he was only able to testify that Defendant "visited a certain store on a certain day." The State disagrees.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. The relevant question is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Jackson v. Virginia*,

443 U.S. 307, 319 (1979). The jury's verdict replaces the presumption of innocence with one of guilt; therefore, the burden is shifted onto the defendant to show that the evidence introduced at trial was insufficient to support such a verdict. *State v. Reid*, 91 S.W.3d 247, 277 (Tenn. 2002). The prosecution is entitled to the "'strongest legitimate view of the evidence and to all reasonable and legitimate inferences that may be drawn therefrom.'" *State v. Goodwin*, 143 S.W.3d 771, 775 (Tenn. 2004) (quoting *State v. Smith*, 24 S.W.3d 274, 279 (Tenn. 2000)). Questions concerning the "'credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact.'" *Wagner*, 382 S.W.3d at 297 (quoting *State v. Campbell*, 245 S.W.3d 331, 335 (Tenn. 2008)). "'A guilty verdict by the jury, approved by the trial court, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the prosecution's theory.'" *Reid*, 91 S.W.3d at 277 (quoting *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997)). It is not the role of this Court to reweigh or reevaluate the evidence, nor to substitute our own inferences for those drawn from the evidence by the trier of fact. *Id.* The standard of review is the same whether the conviction is based upon direct evidence, circumstantial evidence, or a combination of the two. *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011); *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009).

"A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." T.C.A. § 39-14-103. Theft of property is a Class D felony when the value of the property is more than $1000 but less than $10,000. T.C.A. § 39-14-105(a)(3) (2016). A "person who acts intentionally with respect to the nature of the conduct or to a result of the conduct when it is the person's conscious objective or desire to engage in the conduct or cause the result." T.C.A. § 39-11-302(a). A "person acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist." *Id.* at (b).[1]

Here, the evidence is sufficient to conclude that Defendant took two tablets valued at more than $1000 from Aaron's Sales and Leasing. Mr. Hartness saw Defendant walking around the store while Mr. Hartness was in charge of monitoring multiple areas of the store. Mr. Hartness did not know the time of Defendant's exact departure from the

---

[1] This Court has held that theft of property is a nature-of-conduct offense rather than a result-of-conduct offense. *See State v. Hershel David Standridge*, No. M2002-01699-CCA-R3-CD, 2003 WL 22243249, at *6 (Tenn. Crim. App. Sept. 30, 2003) (citing *State v. Tracy F. Leonard*, No. M2001-00368-CCA-R3-CD, 2002 WL 1987963, at *26 (Tenn. Crim. App. Aug. 28, 2002), *perm. app. denied* (Tenn. Dec. 16, 2002); *State v. Marcus Webb*, No. W2002-00614-CCA-R3-CD, 2003 WL 214451, at *4 (Tenn. Crim. App. Jan. 29, 2003), *perm. app. denied* (Tenn. July 7, 2003)), *perm. app. denied* (Tenn. Mar. 16, 2004).

- 4 -

store but realized the next morning that the two tablet last seen sitting on the counter were missing. When Mr. Hartness reviewed the video surveillance, he identified Defendant as the person who stole the tablets. The jury heard the testimony of Mr. Hartness and viewed the surveillance video. They evaluated the credibility of the witnesses and assessed the strength of the State's case, concluding that Defendant was guilty of theft. We agree that the evidence supports this verdict. Defendant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____

TIMOTHY L. EASTER, JUDGE