IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 14, 2026

## STATE OF TENNESSEE v. JAMES ANDREW PAIGE

**Appeal from the Criminal Court for Davidson County**
**No. 2018-B-1017     Cheryl A. Blackburn, Judge**

_____

### No. M2024-01550-CCA-R3-CD

_____

Defendant, James Andrew Paige, appeals from his three convictions for rape, for which he is serving an eleven-year sentence in confinement.  On appeal, Defendant argues that the trial court erred (1) by admitting the victim's hearsay statements; (2) by denying his motion for judgment of acquittal because the evidence was insufficient to support his convictions; and (3) by failing to inquire into defense counsel's unintentional contact with a juror or declare a mistrial.  Defendant also argues that the cumulative effect of these errors entitles him to a new trial.  Because we find that Defendant has failed to timely file his notice of appeal and the interest of justice does not support waiver of that requirement, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which TIMOTHY L. EASTER and JILL BARTEE AYERS, JJ., joined.

Nathan S. Moore (on appeal) and Paul J. Walwyn (at trial), Nashville, Tennessee, for the appellant, James Andrew Paige.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Megan M. King and Patrick A. Newport, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

## Factual and Procedural History

The evidence at trial established that, in 2012, the victim, A.F.,[1] began attending a methadone substance abuse treatment program, which involved mandatory drug counseling sessions to receive her medication. Defendant was the victim's assigned counselor and forced her to perform oral sex on him on three occasions in April and May 2012. The victim reported the rapes to police in August 2012, but a detective with the Metropolitan Nashville Police Department discouraged her from pursuing criminal charges because Defendant was a "professional" and she was a drug addict who would be difficult to believe; she spoke to another detective in 2016, who did not follow up with her, and she eventually contacted the District Attorney's Office directly in 2018.

The April 2018 term of the Davidson County Grand Jury charged Defendant with four counts of rape, a Class B felony. *See* Tenn. Code Ann. § 39-13-503. At a pretrial hearing, the State noted that it was "moving forward" with only Counts 1-3; after a jury trial, Defendant was convicted as charged. After a sentencing hearing, the trial court imposed an effective eleven-year sentence in confinement.

The judgments of conviction were entered on November 8, 2021. Almost three years later, on August 30, 2024, Defendant filed an untimely motion for new trial. On October 9, 2024, the trial court filed an order denying the motion on its merits. On October 10, 2024, Defendant filed an untimely notice of appeal in this court.

## Analysis

As a threshold issue, we address the State's claim that Defendant's appeal should be dismissed for failure to timely file a notice of appeal. The State notes that Defendant has not acknowledged the timeliness issue or requested that this court waive timely filing in the interest of justice.

An untimely-filed motion for new trial is a nullity. *State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989). A trial court does not have jurisdiction over an untimely motion for new trial, and an "erroneous consideration of ruling on a motion for new trial not timely filed . . . does not validate the motion." *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997). "If a motion for new trial is not timely filed, all issues are deemed waived except for sufficiency of evidence and sentencing." *State v. Bough*, 152 S.W.3d 453, 460 (Tenn. 2004) (citing Tenn. R. App. P 3(e); *Martin*, 940 S.W.2d at 569).

---

[1] It is the policy of this court to refer to victims of sexual offenses by their initials.

Tennessee Rule of Appellate Procedure 4(a) provides that the notice of appeal "shall be filed . . . within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the 'notice of appeal' document is not jurisdictional and the timely filing of such document may be waived in the interest of justice." An untimely motion for new trial will not toll the 30-day time period for filing a notice of appeal. *State v. Bumpas*, No. M2017-00746-CCA-R3-CD, 2018 WL 817289, at *5 (Tenn. Crim. App. Feb. 12, 2018), *perm. app. denied* (Tenn. Apr. 16, 2020); *State v. Rogers*, No. W2015-00988-CCA-R3-CD, 2016 WL 1045352, at *2 (Tenn. Crim. App. Mar. 15, 2016) ("An untimely motion for new trial will not toll this thirty-day period."), *no perm. app. filed*. Thus, "an untimely motion for new trial also will result in an untimely notice of appeal." *State v. Rutherford*, No. E2019-00063-CCA-R3-CD, 2020 WL 587078, at *8 (Tenn. Crim. App. Feb. 5, 2020) (citing *State v. Davis*, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987)), *no perm. app. filed*.

Defendant's judgments became final on December 8, 2021. As a result, Defendant's August 30, 2024 motion for new trial was a nullity, and the trial court did not have jurisdiction to consider it. Additionally, because the untimely motion for new trial was a nullity, it did not toll the 30-day period for filing the notice of appeal, which expired on December 8, 2021. Defendant did not file the notice of appeal until October 10, 2024, almost three years later.

Defendant has not explained the delay, responded to the State's waiver argument, or requested that this court waive timely filing in the interest of justice. The judgments in this case have been final for more than four years, and we conclude that the interest of justice does not weigh in favor of considering this appeal.

## Conclusion

In light of the foregoing and the record as a whole, Defendant's appeal is dismissed.


s/ *Robert L. Holloway, Jr.*
ROBERT L. HOLLOWAY, JR., JUDGE

- 3 -