LUM UPCHURCH *v.* THE STATE.*

(*Nashville.*   December Term, 1925.)

1. CRIMINAL LAW.

Supplemental record, not verified by presiding judge and contradicting record that bears his approval, cannot be considered by supreme court.   (*Post, p.* 201.)

2. CRIMINAL LAW. Entry of verdict and judgment, omitted by negligence of clerk, may be made at subsequent term, if there is a matter of record to authorize it.

If by oversight judge does not pronounce judgment, or by negligence of clerk entry of verdict and judgment is omitted, entry may be made at another term, if there is a matter of record to authorize it.   (*Post, p.* 202.)

Cases cited and approved: Justus v. State, 130 Tenn., 544; Sharp v. State, 117 Tenn., 537; State v. Miller, 65 Tenn., 513.

Code cited and construed: Sec. 4598 (S.).

3. CRIMINAL LAW.  Where judgment showed fine to have been fixed by judge, and amended record recited that notation on judge's docket states that jury assessed fine, verdict as entered, making general finding of guilty, shows that jury did not assess fine (Shannon's Code, Sections 6780, 6795; Acts 1917, chapter 12; Acts 1921, chapter 130).

Where entry showed general verdict by jury upon a presentment of three counts for violation of temperance law prescribed by Shannon's Code, sections 6780, 6795; Acts 1917, chapter 12; Acts 1921, chapter 130, and amended record recited that notation of judge states that jury found defendant guilty and assessed his fine, and that court rendered judgment on the verdict, but judgment copied from bill of exceptions showed that judge fixed the fine, verdict as entered shows that jury did not assess fine.   (*Post, p.* 202.)

Upchurch v. State.

Acts cited and construed: Acts 1917, ch. 12; Acts 1921, ch. 130.

Case cited and approved: France v. State, 65 Tenn., 478.

Codes cited and construed: Secs. 6795, 6780(S.).

Constitution cited and construed: Art. 6, sec. 14.

4. CRIMINAL LAW. Judges cannot assess fine exceeding $50 under statutes prescribing maximum and minimum penalties (Constitution, article 6, section 14).

Under Constitution, article 6, section 14, requiring fines of over $50 to be assessed by jury, judge cannot assess fines exceeding such amount under statutes prescribing maximum and minimum, from and to which it would be necessary for courts to exercise discretion in fixing amount. (*Post, pp.* 202-204.)

Acts cited and construed: Acts 1911, ch. 32.

Cases cited and approved: Metzner v. State, 128 Tenn., 45; State v. White, 132 Tenn., 203; State v. Green, 129 Tenn., 619; Vinson v. State, 140 Tenn., 70.

Case cited and distinguished: Johnson v. State, 274 S. W., 12.

5. CRIMINAL LAW. Prohibition of judges to lay fines over $50 is to prevent imposition of unreasonable fines (Constitution, article 6, section 14).

Jurisdiction to lay fines exceeding $50, expressly withheld from judges and conferred on jury by Constitution, article 6, section 14, is to prevent imposition of unreasonable fines and confiscation of citizen's substance under guise of statute applied by judicial tribunal. (*Post, pp.* 204, 205.)

6. CRIMINAL LAW. Where judge assessed minimum fine of $100 contrary to Constitution requiring jury to assess fines over $50, case will be reversed, though jury could not reduce such fine (Shannon's Code, section 6795; Acts 1921, chapter 130; Constitution, article 6, Section 14).

Where judge assessed minimum fine of $100 for violation of Shannon's Code, section 6795 (Acts 1921, chapter 130), contrary to Constitution, article 6, section 14, requiring jury to assess fines over

Upchurch v. State.

$50, case will be reversed, though jury could not reduce fines below amount fixed by him. (*Post*, p. 205.)

Acts cited and construed: Acts 1921, ch. 130.

Case cited and approved: State v. Green, 129 Tenn., 619.

Code cited and construed: Sec. 6795(S.).

Constitution cited and construed: Art. 6, sec. 14.

---

*Headnotes 1. Criminal Law, 17 C. J., Section 3449 (Anno); 2. Criminal Law, 16 C. J., Section 3106; 3. Criminal Law, 16 C. J., Section 3109; 4. Criminal Law, 16 C. J., Section 2296; 5. Criminal Law, 16 C. J., Section 3191; 6. Criminal Law, 17 C. J., Section 3719.

---

## FROM FENTRESS.

---

Appeal from the Circuit Court of Fentress County.— Hon. W. H. Buttram, Judge.

W. A. Garrett, for appellant.

W. H. Swiggart, Jr., Assistant Attorney-General, for the State.

Mr. Justice Cook delivered the opinion of the Court.

The presentment charged a violation of the liquor laws by: (1) Selling within four miles of a schoolhouse; (2) tippling; (3) transporting.

The case was heard by Judge Morrison and a jury August 18, 1924. The bill of exceptions duly filed shows that a motion for a new trial was entered and overruled and—

"Thereupon the court pronounced judgment. It is the judgment of the court that the defendant pay a fine

of $100 and all the costs, taxes, and expense fees, and that he undergo confinement in the county jail or workhouse of Fentress county for a period of six months.''

A motion in arrest of judgment was entered, overruled, and the bill of exceptions recites that appeal was prayed, and that the defendant was required to execute an appearance bond to the trial court pending the appeal. The appeal bond was executed. The minutes of the court do not show the verdict of the jury, the judgment of the court, or the action of Judge Morrison overruling the motion for a new trial and in arrest.

Upon appeal the cause was remanded for correction of the record. When it came back the record included, over the signature and seal of the circuit court clerk:

(1) A motion in arrest, which is in fact a protest against judgment entered on the minutes after the adjournment of the August term, 1925. This motion is supported by affidavits stating that the correction of the record was made by the direction of the district attorney after Judge Buttram had entered on his docket the notation, ''judgment not pronounced by court, sentence to be pronounced,'' and after Judge Buttram adjourned court and left for home.

(2) The order of Judge Buttram entering verdict and judgment *nunc pro tunc,* based upon the notation appearing on Judge Morrison's docket as of August term, 1924.

The first supplemental record referred to cannot be considered, because it is not verified by the presiding judge, and contradicts the record that bears his approval. We can only look to the authentic record.

In *Justus* v. *State,* 172 S. W., 279, 130 Tenn., 544, it was held proper to remand in criminal cases for the correction of the record under section 4598 of Shannon's Code. If by oversight the trial judge should not pronounce judgment, or by negligence of the clerk he should omit entry of the verdict and judgment, entry may be made at a subsequent term if there is matter of record to authorize it. *Sharp* v. *State,* 97 S. W., 812, 117 Tenn., 537; *State* v. *Miller,* 6 Baxt., 513.

The verdict entered under the caption of the August term, 1925, presided over by Judge BUTTRAM, successor to Judge MORRISON, who tried the case at the August term 1924, is as follows:

"Came the attorney-general to prosecute on behalf of the State; came also the defendant, Lum Upchurch, in his own proper person and by counsel, who, being arraigned and charged in the presentment for plea thereto, says he is not guilty as charged by violating temperance laws, and for his trial puts himself upon the country and the attorney doth the like; then came the following jury, to-wit: (1) Henry Reagan; (2) Tom Duncan; (3) G. W. Crabtree; (4) Amp. Poor; (5) George Smith; (6) Andy Whited; (7) John Holden; (8) Jess Winningham; (9) A. J. Beaty; (10) George Blesoe; (11) Havre Stephens; (12) Dave Franklin—all good and lawful men, citizens of Fentress county, householders and freeholders, who, being elected, impaneled, charged and sworn to try the issues joined between State of Tennessee, plaintiff, and Lum Upchurch, defendant, on a charge of violating temperance laws and a true verdict rendered according to law and evidence; who after hearing all the evidence and the argument of counsel, and the charge

of the court retired to consider of their verdict, and, after due consideration of all the evidence in the case, they returned into open court and say upon their oaths that they find the issues in favor of the State and against the defendant, Lum Upchurch, and that he is guilty as charged; thereupon the jury was discharged.''

This entry shows a general verdict upon a presentment of three counts which prescribe fines: (1) For selling within four miles of a schoolhouse, $100 to $500 (Shannon's Code, section 6795 [chapter 130, Acts of 1921]); (2) transporting, $100 to $500 (chapter 12, Acts of 1917 [chapter 130, Acts of 1921]); and (3) selling without license, $100 to $250 (Shannon's Code, section 6780 [chapter 130, Acts of 1921]).

The judgment copied herein from the bill of exceptions shows that the fine was fixed by Judge MORRISON at the August term, 1924, at $100. The amended record shows a recital to the effect that the notation on Judge MORRISON's docket states that the jury found the defendant guilty of selling liquors within four miles of a schoolhouse and assessed his fine at $100 and that the court rendered judgment upon the verdict. The conclusion of this recital is, it is ordered by the court that said verdict and judgment pronounced by Judge MORRISON be entered now for then. Said verdict of the jury, rendered on the 18th of August, 1924, being in the words and figures following to-wit: Then follows the entry of the verdict, which has been copied in full. The verdict as entered shows that the jury did not assess the fine.

It has been held that article 6, section 14, of the constitution, does not apply where the legislature absolute-

ly fixes the fine and leaves nothing to the discretion of the court or jury. *France* v. *State,* 6 Baxt., 478.

This conclusion rests upon the view that the constitution merely imposed a restriction upon the judicial power without limiting the power of the legislature to prescribe punishment by fine. Such a view recognizes the legislative power to do what the constitution expressly forbids; but that is beside the question.

It has never been supposed that judges could lay a fine exceeding $50 under statutes that prescribe a maximum and minimum, from and to which it would be necessary for the courts to exercise a discretion in fixing the amount.

In *Metzner* v. *State,* 157 S. W., 69, 128 Tenn., 45, it was held that power to assess a fine over $50 is expressly withheld from the judges and expressly conferred upon the jury, and trial judges are without jurisdiction to assess a fine exceeding $50.

In *State* v. *White,* 177 S. W., 478, 132 Tenn., 203, an act was sustained as valid which conferred jurisdiction on the court to assess fines from $10 to $100, because the term court included the jury. Otherwise the court said the act would violate the constitution.

It is said in *Metzner* v. *State,* 157 S. W., 69, 128 Tenn., 48, that *France* v. *State,* distinctly recognized that section 14, article 6, of the Constitution, prohibited a judge from imposing a fine exceeding $50 in cases that required the exercise of discretion, that jurisdiction to lay fines exceeding $50 is expressly conferred on the jury to the exclusion of the judge, and that jurisdiction cannot be conferred on the judge even by consent of the accused.

In *Johnson* v. *State* (Tenn.), 274 S. W., 12, the court said: ''If the trial judge had fixed the fine at the minimum of $100 prescribed by the statute, *State* v. *Green*, 167 S. W., 867, 129 Tenn., 619, holding the error not reversible, might have been in point, although such a practice, involving a violation of a constitutional provision is not approved. Errors affecting constitutional rights call for a reversal, and are not saved by chapter 32, Acts of 1911. *Vinson* v. *State*, 203 S. W., 338, 140 Tenn., 70.''

The jurisdiction or power to lay fines exceeding $50 is expressly withheld from the judges and expressly conferred upon the jury. The object of the limitation upon the power to lay fines was to prevent judges from imposing unreasonable fines, and to prevent confiscation of the citizen's substance under the guise of a statute applied by a judicial tribunal. This purpose is clearly expressed and requires no elaboration.

We cannot adhere to the result in *State* v. *Green*, 167 S. W., 867, 129 Tenn., 619, where the court refused to reverse because the jury could not reduce the fine below the minimum fixed by statute. The citizen is entitled to the benefit of the protection afforded by the constitution.

Reversed and remanded.