IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | FOR PUBLICATION |
| | ) | |
| | ) | FILED:  MARCH 17, 1997 |
| Appellee | ) | |
| | ) | DAVIDSON COUNTY |
| V. | ) | |
| | ) | HON. ANN LACY JOHNS, |
| JOHN DERRICK MARTIN | ) | JUDGE |
| | ) | |
| Appellant | ) | NO. 01-S-01-9605-CR-00091 |

For Appellant:_____          For Appellee:

JOHN E. HERBISON                            JOHN KNOX WALKUP
Nashville, TN                               Attorney General and Reporter

                                            MICHAEL E. MOORE
                                            Solicitor General

                                            LINDA A. ROSS
                                            Associate Solicitor General

                                            EUGENE J. HONEA
                                            Assistant Attorney General
                                            Nashville, TN

                                            VICTOR S. JOHNSON, III
                                            District Attorney General

                                            CHERYL A. BLACKBURN
                                            Asst. District Attorney General
                                            Nashville, TN



**FILED**

March 17, 1997

Cecil W. Crowson
Appellate Court Clerk

OPINION

AFFIRMED AND REMANDED                                    BIRCH, C.J.

John Derrick Martin, the defendant, was convicted by a jury on four counts of possession and sale of cocaine in various amounts.[1] The trial judge sentenced Martin to consecutive ten-year sentences and imposed a fine of $10,000 for each count. The Court of Criminal Appeals affirmed the convictions, modified the sentences, and remanded the cause to the trial court so that a jury could determine the fine.

In this appeal, Martin contends (1) that the admission of tape-recorded statements of an informant at trial violated his state and federal constitutional rights; (2) that the admission of evidence of a prior drug offense was erroneous under Tenn. R. Evid. 404(b); and (3) that he is entitled to a new trial because the trial judge unconstitutionally imposed fines in excess of $50. For the reasons stated herein, we hold that Martin waived his right to appeal the admission of both the tape-recorded statements and the admission of the prior drug offense. On the fines issue, we hold that a new trial is not constitutionally required. Therefore, we affirm Martin's convictions and remand this cause to the trial court where a new jury shall be empaneled for the purpose of fixing the amount of the fines to be imposed. Thus, the judgment of the Court of Criminal Appeals is affirmed, albeit on different grounds.[2]

---

[1]Tenn. Code Ann. § 39-17-417 (1991).

[2]Although noting that the evidentiary issues raised by the defendant were waived, the Court of Criminal Appeals addressed them on their merits.

I

Using an informant, officers of the Metropolitan Nashville-Davidson County Police Department orchestrated three controlled drug purchases from the defendant. Each transaction was recorded on audio tape.

At trial, the jury heard a redacted version of the tape-recorded conversations between the defendant and the informant. Also, officers testified about the persons involved and the events surrounding the drug purchases. Each officer identified the voices on the tapes as those of the informant and the defendant.

In addition to the officers' testimony, the vehicle driven by the defendant at the time of his arrest was the same vehicle used in the three drug buys. At his arrest, Martin had a substantial quantity of cocaine and cash in his possession.

II

In his first two issues, Martin contends that the admission of tape-recorded statements of the informant[3] violated his constitutional right to confront the witness against him and that it was error, under Tenn. R. Evid. 404(b), for the trial court to admit evidence of his prior drug offense.

_____

[3]The informant died prior to trial.

Martin concedes that he failed to file a timely motion for a new trial which must be filed within thirty days from the date the order of sentence is entered. Tenn. R. Crim. P. 33(b). This provision is mandatory, and the time for the filing cannot be extended. Tenn. R. Crim. P. 45(b). A trial judge does not have jurisdiction to hear and determine the merits of a motion for a new trial that has not been timely filed. State v. Dodson, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989); State v. Givhan, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1981); Massey v. State, 592 S.W.2d 333, 334-35 (Tenn. Crim. App. 1979). The trial judge's erroneous consideration of ruling on a motion for new trial not timely filed, as in this case, does not validate the motion. Dodson, 780 S.W.2d at 780.

Failure to file a written motion for new trial within the required thirty days not only results in the appellant losing the right to have a hearing on the motion, but it also deprives the appellant of the opportunity to argue on appeal any issues that were or should have been presented in the motion for new trial. Dodson, 780 S.W.2d at 780; Givhan, 616 S.W.2d at 613; Massey, 592 S.W.2d at 333.

This Court, however, has the authority to review the record for apparent errors to prevent needless litigation, injury to the interest of the public, and prejudice to the judicial process under the provisions of Tenn. R. App. P. 13(b). Moreover, we may take notice at any time, within our discretion, of an error that affects a substantial right of an accused, even though not

4

raised in a motion for new trial, where it may be necessary to do substantial justice. Tenn. R. Crim. P. 52. We decline to exercise our discretion in this case. Accordingly, the evidentiary issues raised by Martin are deemed waived.[4]

### III

In his last issue, Martin insists that because he did not waive his right to have a jury fix his fine, the trial judge erred in fixing a fine of more than $50. According to Martin, this action constitutes reversible error and entitles him to a completely new trial before a new jury because the state constitution requires that the fine be fixed by the same jury that determines guilt. Because this issue concerns sentencing, it is properly before the Court.

Contained in the original state constitution of 1796 and carried forward into both of the subsequent constitutions is the following provision now designated as Article VI, Section 14:

> No fine shall be laid on any citizen of this State that shall exceed fifty dollars, unless it shall be assessed by a jury of his peers, who shall assess the fine <u>at the time they find the fact</u>, if they think

---

[4]The admission of an informant's non-hearsay taped statement was addressed in <u>State v. Jones</u>, 598 S.W.2d 209 (Tenn. 1980). In <u>Jones</u>, we held that the admission of a non-testifying informant's statement did not violate the constitutional rights of the defendant. <u>Id.</u>; <u>Dutton v. Evans</u>, 400 U.S. 74, 91 S. Ct. 210, 27 L.Ed.2d 213 (1970). In our view, the admission of Martin's prior drug offense for the purpose of establishing identity and intent was harmless error.

> the fine should be more than fifty
> dollars. (emphasis added).

A trial judge may fix a fine of more than $50 in only two circumstances. They are: (1) when the defendant waives the right for jury determination of the fine, State v. Sanders, 735 S.W.2d 856, 858 (Tenn. Crim. App. 1987), and (2) when the fine is statutorily specified and allows no judicial discretion in its imposition, France v. The State, 63 Tenn. 479, 486 (1873).

In the present case, nothing in the record points to a waiver by the defendant of his right to have the fine fixed by the jury. Additionally, the trial judge exercised some measure of discretion because the statute prescribes only a minimum fine. Thus, neither of the two exceptions applies. Consequently, the trial judge lacked the authority to fix fines of $10,000 in the various counts of this case.

To determine the remedy for this error, it will perhaps be helpful to understand the reason for the limitation upon the trial judge's authority. The prohibition against a trial judge fixing fines exceeding $50 was intended to protect citizens from "excessive" fines fixed by a powerful judiciary. Upchurch v. State, 153 Tenn. 198, 281 S.W. 462, 464 (1926).

The construction of this constitutional provision has been addressed previously by this Court in at least four cases. Thompson v. State, 190 Tenn. 492, 230 S.W.2d 977 (1950); Scopes v. State, 154 Tenn. 105, 289 S.W. 363 (1927); Upchurch v. State, 153

6

Tenn. 198, 281 S.W. 462 (1926); <u>Johnson v. State</u>, 152 Tenn. 184, 274 S.W. 12 (1925). We remanded each of these cases. In no case, however, have we held that the same jury that found the defendant guilty must also fix the fine. In fact, we explicitly held to the contrary in <u>Huffman v. State</u>, 200 Tenn. 487, 292 S.W.2d 738 (1956).

<u>Huffman</u> is cited by both parties to this cause, but it is important to note its limitations. In that case, the Court remanded the case and directed that a new jury be empaneled for the sole purpose of fixing the fine. The Court then limited the jury to a maximum fine of $50. In our view, the Court's action in limiting the amount of the fine on remand was not constitutionally required.

It has long been held in this state that provisions of the constitution are to be given effect according to the drafters' intention in light of the entire document. <u>Davis v. Williams</u>, 12 S.W.2d 532, 535 (Tenn. 1928). Our constitution is concerned with substance rather than with form. <u>Ennix v. Clay</u>, 703 S.W.2d 137, 139 (Tenn. 1986). The intent of the drafters was not to restrict the power of a jury to fix a fine but to impose a limitation on the judiciary. <u>State v. Bryant</u>, 805 S.W.2d 762, 767 (Tenn. 1991). Article VI, Section 14 does not require a reversal and an entire new trial when a trial judge fixes a fine in excess of $50 without the defendant's waiver. By remanding this cause so that a jury may fix the fine, we preserve the intent of Article VI, Section 14.

7

Moreover, sentencing errors have never necessitated a new trial on the merits. Cases abound in which punishment was determined by a different jury than that which determined guilt. To illustrate, in Huffman we held that there is no constitutional requirement that the same jury fix the fine that finds the accused guilty. 200 Tenn. 487, 292 S.W.2d at 738. Similarly, in Bryant we held that if there is a guilty plea and no jury waiver, a jury shall be empaneled to fix a fine. 805 S.W.2d at 762. Likewise, in Hunter v. State, 496 S.W.2d 900 (Tenn. 1972), we held that where the death penalty cannot be validly carried out, the cause is to be remanded for a new sentencing hearing before a jury and the fact that the punishment is fixed by a different jury from that which assessed guilt does not violate the rights of the accused. Id. at 904-904.

It has long been the rule that unless an error is prejudicial, that is, one that affirmatively appears to have affected the result of the trial on the merits, reversal of the conviction is not authorized. Tenn. R. Crim. P. 52(a). It plainly appears from the reading of this record that no such error exists in this case. A sentencing error did not affect the merits of the case under submission.

Finally, the State urges that we fix the minimum fine as is statutorily prescribed for each of these offenses--a resolution, the State argues, that is supported by the case of France v. The State, 64 Tenn. 478 (1873). In France, we upheld the trial judge's fixing of a $500 fine. Such a fine, however, had been established

8

by the legislature as mandatory in every case involving the particular offense. In operation, this provision effectively prevented the trial judge from exercising even the slightest measure of discretion. In contrast, the statute pertinent here establishes a mandatory minimum fine.[5] Hence, judicial discretion is involved to determine whether the fine imposed is the minimum or whether it should exceed the minimum. Thus, <u>France</u> is distinguishable and inapplicable here.

IV

In conclusion, we hold that Martin waived his right to appeal the admission of the informant's statements and the admission of the prior drug offense. We find that Article VI, Section 14 does not require the same jury that determines guilt to fix the fine. We remand this cause and direct that a new jury be empaneled for the sole purpose of fixing fines.

Thus, the judgment of the Court of Criminal Appeals is affirmed as to the fines. The judgment of the Court of Criminal Appeals is affirmed as to the remaining issues for the reasons expressed herein.

_____
ADOLPHO A. BIRCH, JR., Chief Justice

CONCUR:
Drowota, Reid, JJ.; Todd, S.J.

_____

[5]The minimum mandatory fine, is based upon the following:
    First conviction for a felony drug offense ...............$2,000
    Second conviction for a felony drug offense ..............$2,500
    Third or subsequent conviction for a felony drug offense..$3,000
Tenn. Code Ann. § 39-17-428(b)(7-9)(1991). Specifically, the statute states that "the minimum fines imposed by this section shall be mandatory and shall not be reduced, suspended, waived, or otherwise released by the court." Tenn. Code Ann. § 39-17-428(d)(1)(1991).