IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1998 SESSION

FILED

October 21, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9801-CC-00001 |
| | ) | |
| Appellee | ) | MARSHALL COUNTY |
| | ) | |
| v. | ) | HON. CHARLES LEE, |
| | ) | JUDGE |
| TIMOTHY WAYNE HENDERSON, | ) | |
| | ) | |
| Defendant/Appellant | ) | |

FOR THE APPELLANT:

Michael D. Randles
Assistant District Public Defender
Seventeenth Judicial District
P.O. Box 1119
Fayetteville, TN 37334

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Timothy F. Behan
Assistant Attorney General
Criminal Justice Division
Second Floor, Cordell Hull Building
425 5th Avenue North
Nashville, TN 37243

OPINION FILED _____

APPEAL DISMISSED
JOHN K. BYERS

SENIOR JUDGE

**O P I N I O N**

The defendant was convicted of aggravated sexual battery and sentenced to serve nine years and eight months as a Range 1, standard offender.

The defendant raises the following issues:

1.      That the evidence is insufficient as a matter of law to sustain a conviction for aggravated sexual battery.

2.      That the defendant's sentence is excessive and contrary to the law.

3.      That the trial court erred by admitting into evidence hearsay statements of the alleged victim, Kristin Doud, through the witness Mary Jane Boyer regarding what Kristin told Mary Jane Boyer had happened regarding the defendant.

We dismiss the appeal.

We conclude that the defendant has waived consideration of issue three because he failed to file a timely motion for new trial. Furthermore, because the defendant also failed to file a timely notice of appeal, we conclude that he has waived consideration of his first and second issues.

The judgment in this case was entered on September 3, 1997. On that date, the trial judge continued the case until October 8, 1997 for the filing of a motion for a new trial. The motion for a new trial was filed on October 8, 1997.

Rule 33(b) of the Tennessee Rules of Criminal Procedure requires the filing of a motion for a new trial within thirty days of entry of the judgment. The action of the trial judge in granting a continuance does not toll the running of the thirty day time limit to file the motion because the time period is mandatory and cannot be extended. Tenn. R. Crim. P. 45(b); *State v. Martin,* 940 S.W.2d 567, 569 (Tenn. 1997). The trial judge does not have jurisdiction to hear a motion for a new trial when it is not timely filed. The failure to file the motion timely waives issues upon which an appellant seeks a new trial, as is sought under issue three by the defendant.

When the motion for a new trial is not timely filed, the appellate court will consider only those issues which would result in the dismissal of a case. In this case, only the first issue would require a dismissal of the case. The sentencing issue may also be reviewed in the absence of a motion for a new trial.

In addressing the defendant's first and second issues, which challenge the sufficiency of the convicting evidence and the sentence, we are faced with another problem stemming from the failure to file a motion for new trial in a timely fashion. A notice of appeal is required to be filed with the clerk of the trial court within thirty days after the date of entry of the judgment or order from which relief is sought. Tenn. R. App. P. 4(a). Timely filing of a motion for new trial tolls this period until entry of the order denying the motion for new trial. Tenn. R. App. P. 4(c).

In the present case, because the untimely motion for new trial was a nullity, it did not toll the thirty day period for filing a notice of appeal. *See State v. Davis,* 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987). The defendant filed his notice of appeal on October 29, 1997, well beyond the thirty day period from the entry of the judgment of conviction on September 3, 1997.

Of course, Rule 4(a) of the Tennessee Rules of Appellate Procedure provides that the notice of appeal document is not jurisdictional and that timely filing may therefore be waived in the interest of justice. In the case *sub judice,* however, the defendant has failed to present any reason why the interest of justice requires waiver of the necessity for timely filing of a notice of appeal. We find nothing in the record before this Court from which we can conclude that the interest of justice requires us to waive timely filing of the notice of appeal.

We therefore dismiss this appeal.

_____

John K. Byers, Senior Judge

CONCUR:


_____

David H. Welles, Judge

_____

Jerry L. Smith, Judge