# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 6, 2012

## STATE OF TENNESSEE v. PAUL ALLEN ST. CLAIR

**Appeal from the Criminal Court for Trousdale County**
**No. 10-61-E-112     David Earl Durham, Judge**

---

**No. M2012-00578-CCA-R3-CD - Filed April 16, 2013**

---

The defendant, Paul Allen St. Clair, was convicted by a jury of one count of the sale of between 14.175 grams and 4,535 grams of a Schedule VI substance identified as marijuana, a Class E felony, and one count of the sale of a Schedule IV drug, a Class D felony. The trial court sentenced the defendant to four years' incarceration as a Range II offender on count one and to eight years' incarceration as a Range II offender on count two, to be served consecutively. The trial court also fined the defendant two thousand dollars for each count and two hundred and fifty dollars to go to the Drug Testing Fund for each count. The defendant appeals, asserting that the trial court improperly weighed the mitigating factors in assigning a sentence within the range. The defendant also contests the fines, which he argues are unconstitutional because they were determined by the trial court rather than the jury. After a careful review of the record, we conclude that the trial court did not abuse its discretion in determining the length of the defendant's sentences. However, because the fines were assessed in violation of the Tennessee Constitution, we vacate the fines and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part and Vacated and Remanded in Part**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN, J., joined. JERRY L. SMITH, J., filed a separate opinion concurring in part and dissenting in part.

Gregory D. Smith (on appeal); and Comer L. Donnell, District Public Defender, and Michael Taylor, Assistant Public Defender (at trial) , for the appellant, Paul Allen St. Clair.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Tom P. Thompson, District Attorney General; and Jason Lawson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual and Procedural History**

A confidential informant working with the Trousdale County Sheriff's Department made two "controlled buys" from the defendant in late 2009 and early 2010. On December 3, 2009, the confidential informant met the defendant and his girlfriend near their home and purchased 26.6 grams of marijuana. The confidential informant testified that the defendant's girlfriend handed her the drugs and took her money and that the girlfriend then handed the money to the defendant, who proceeded to count it. An audio and video recording of variable quality captures some of the interaction between the defendant, his girlfriend, and the confidential informant. On February 12, 2010, the defendant and his then-pregnant girlfriend met the confidential informant in a grocery store parking lot and sold her diazepam, or generic Valium pills. Again, the defendant's girlfriend handed the drugs to the informant and took the money. The informant testified that the defendant's girlfriend then gave the money to the defendant and that he went into the grocery store to get change. The defendant offered to sell the confidential informant other pills as he returned to his car. The February 12, 2010 sale was also recorded.

The jury convicted the defendant of one count of the sale of between 14.175 grams and 4,535 grams of marijuana and one count of the sale of diazepam, a Schedule IV substance. The jury's verdict form did not reflect that any fine was assessed; however, the trial court fined the defendant $2,000 in each count, with a $250 fine in each count to be paid into the Drug Testing Fund.

The defendant's presentencing report reflects that he acknowledged committing the crimes but stated he sold drugs to get money for food for his pregnant girlfriend. The defendant self-reported mental health issues for which he received treatment as a youth and reported that his step-father taught him to use marijuana at age five. He reported sporadic employment and stated he owed $28,000 in child support. An affidavit of complaint against the defendant charging that he had committed domestic assault against his girlfriend was also introduced at the sentencing hearing.

At the hearing, the trial court stated on the record that it considered the evidence at trial, the presentence report, the purpose and intent of sentencing encapsulated in Tennessee Code Annotated section 40-35-102 (2010), the defendant's eligibility for alternative

sentencing, and the conduct involved. The trial court found that the defendant was a Range II offender with respect to both convictions and that the defendant had thirteen misdemeanors in addition to three felony convictions. The court found as a mitigating factor that the defendant's conduct did not cause or threaten serious bodily injury, and also accepted that he was not a professional criminal and that he could benefit from drug treatment programs. The trial court summed up that it had found "one, one and a half mitigating factors." The trial court found as enhancement factors that the defendant had a previous history of criminal convictions beyond those necessary to establish the range and that he was the leader in an offense involving two criminal actors. The trial court concluded that the enhancement factors "greatly outweighed" the mitigating factors, and the court sentenced the defendant to four years for count one and eight years for count two, the highest sentences within the range for the two convictions. The trial court also found that the defendant had an extensive record of criminal activity, and it ordered the sentences to be run consecutively.

The defendant moved for a new trial on various theories,[1] including that the trial court erred in sentencing the defendant to the maximum sentence within his range on each count when it had found that one to one and a half mitigators applied. The defendant also moved for a reduction in his sentence, asserting that the sentences were greater than deserved, disproportionate, and not the least restrictive measure necessary to achieve the purposes for which the sentences were imposed.

On appeal, the defendant asserts that it was error for the trial court to sentence him to the maximum in the range when it had found a near balance in the number of mitigating and enhancing factors. The defendant also argues that the $2,000 fines were assessed by the trial court in violation of article VI, section 14 of the Tennessee Constitution. The defendant contends that, as he has been found indigent for the purposes of legal representation, the fines should be waived.

## II. Analysis

### A. Length of Sentence

Under Tennessee Code Annotated section 40-35-210(c), a trial court must impose a sentence within the appropriate range, and "the court shall consider, but is not bound by," certain advisory sentencing guidelines. T.C.A. § 40-35-210(c). The guidelines direct the court to impose the minimum sentence and to adjust the length according to the presence or absence of enhancing and mitigating factors. T.C.A. § 40-35-210(c)(1), (c)(2). The defendant essentially contends that the trial court erred in weighing the mitigating and

---

[1]The defendant appeals only his sentences, not his convictions.

enhancing factors when it imposed his sentence.

A defendant may appeal the may appeal from the length, range or the manner of service of a sentence. T.C.A. § 40-35-401(a). Previously, our standard of review when confronting a challenge to the length of a sentence was de novo upon the record with a presumption of correctness; however, if the trial court failed to undertake the proper considerations, review was de novo with no presumption of correctness. *See State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). In *State v. Bise*, the Tennessee Supreme Court concluded that the 2005 amendments to the Sentencing Act abrogated the de novo standard of review. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). Accordingly, we now review a trial court's decision regarding the length of a sentence for an abuse of discretion, granting a presumption of reasonableness to within-range decisions that reflect a proper application of the purposes and principles of the Sentencing Act. *Id.* In fact, "a trial court's misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed" from the Sentencing Act. *Id.* at 706. "So long as there are other reasons consistent with the purposes and principles of sentencing, as provided by statute, a sentence imposed by the trial court within the appropriate range should be upheld." *Id.*

The defendant acknowledges that the sentences fall within the appropriate ranges, but avers that they do not adhere to Tennessee Code Annotated section 40-35-103(2) and (4)'s requirement that the sentences should be "no greater than that deserved for the offense committed" and "the least severe measure necessary to achieve the purposes for which the sentence is imposed." He further argues that, as the court imposed the maximum sentences within the ranges, he did not receive "credit" for the mitigating factors found by the court and that the court's decision was contrary to Tennessee Code Annotated section 40-35-113, which lists possible mitigating factors.

Under the new standard of review outlined in *Bise*, we conclude that there was no error in determining the length of the defendant's sentences. Under *Bise,* "sentences should be upheld so long as the statutory purposes and principles, along with any applicable enhancement and mitigating factors, have been properly addressed." *Bise*, 380 S.W.3d at 706. In fact "a trial court's misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005." *Id.* Here, the trial court properly considered the factors enumerated in Tennessee Code Annotated section 40-35-210. The court did not err by refusing to mathematically offset the enhancing factors against the mitigators it found, and the defendant offers no argument to demonstrate that the trial court failed to adhere to the principles described in Tennessee Code Annotated section 40-35-103. Accordingly, we conclude there was no abuse of discretion.

-4-

## B. Unconstitutional Fines

The defendant next asserts that the fines imposed on him violate article VI, section 14 of the Tennessee Constitution. The State argues that any error in imposing the fines was waived, and absent waiver, that it was harmless beyond a reasonable doubt.

Issues not raised before the trial court are typically waived on appeal. *See* Tenn.R. App. P. 3(e); *State v. Maddin*, 192 S.W.3d 558, 561 (Tenn. Crim. App. 2005). Nevertheless, an appellate court may consider whether the trial court committed plain error under Tennessee Rule of Appellate Procedure 36(b). "When necessary to do substantial justice, an appellate court may consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal." Tenn. R. App. P. 36(b). Plain error review is appropriate when five factors have been established: (1) the record must clearly establish what occurred in the trial court; (2) a clear and unequivocal rule of law must have been breached; (3) a substantial right of the defendant must have been adversely affected; (4) the accused must not have waived the issue for tactical reasons; and (5) consideration of the error must be necessary to do substantial justice. *State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000); *State v. Adkisson*, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994). We conclude that the factors listed are established here.

Article VI, Section 14 of the Tennessee Constitution prohibits the assessment of a fine in excess of fifty dollars unless imposed by a jury. The procedure to be followed in the imposition of a fine in excess of fifty dollars is that "[t]he jury shall report such fine with a verdict of guilty. When imposing sentence, after the sentencing hearing, the court shall impose a fine, if any, not to exceed the fine fixed by the jury." T.C.A. § 40-35-301(b). There are two exceptions to the rule that only a jury may fix such a fine: (1) the defendant may waive his right for a jury to determine the amount; and (2) such a fine may be imposed when it is "statutorily specified and allows no judicial discretion in its imposition." *State v. Martin*, 940 S.W.2d 567, 570 (Tenn. 1997). The jury fixed no fine in this case, and the defendant did not waive his right to have a jury specify the fine. Tennessee Code Annotated section 39-17-428(b)(9) sets the "minimum mandatory fine" for a first felony conviction for a drug offense involving a scheduled controlled substance at $2,000. The defendant's fine was therefore the mandatory minimum required by statute. In *State v. Martin*, the Tennessee Supreme Court concluded that because "the statute prescribes only a minimum fine," "the trial judge exercised some measure of discretion." *Martin*, 940 S.W.2d at 570. Accordingly, the fine in Tennessee Code Annotated section 39-17-428, which prescribes only a minimum, allows for judicial discretion and may only be imposed by a jury.

In *State v. Martin*, after concluding that the fine was imposed in error absent a jury

determination, the Tennessee Supreme Court refused to replace the amount imposed by the trial court with the mandatory minimum fine; instead, it remanded for a jury to determine the amount of the fine. *Id.* at 570-71. The Court reasoned that even the imposition of the statutory minimum was an exercise of judicial discretion in violation of the State Constitution. *Id.* at 571.

There is some precedent supporting the proposition that the error may be deemed harmless. In *State v. Green*, 167 S.W. 867, 868 (Tenn. 1914) the Tennessee Supreme Court concluded that "[w]hile it was error for the court to assess the fine without submitting the question of its amount to the jury, it is not reversible error, because he exercised his assumed power for the benefit of the plaintiff in error," and ultimately determined it "would be useless to reverse and remand." *See also State v. McCobb*, No. W2006-01517-CCA-R3-CD, 2007 WL 2822921, at *8-9 (Tenn. Crim. App. Sept. 26, 2007) (reducing non-statutory fine imposed in violation of the constitutional provision to fifty dollars). However, the weight of authority has required a remand to allow a jury to determine the fine. In *Upchurch v. State*, 281 S.W. 462, 463-64 (Tenn. 1926) the Tennessee Supreme Court concluded that imposition of statutory minimum fine required remand and disapproved of the result in *State v. Green*. *See also State v. Wallace*, No. W2005-02477-CCA-R3-CD, 2006 WL 3085505, at *4-5 (Tenn. Crim. App. Oct. 31, 2006) (remanding to allow jury to determine non-statutory fine); *State v. Reid*, No. M2000-02026-CCA-R3-CD, 2001 WL 1028815, at *5-6 (Tenn. Crim. App. Sept. 7, 2001) (remanding for determination of statutory fine). In *State v. Holt*, No. M2008-00047-CCA-R3-CD, 2009 WL 736665, at *9-10 (Tenn. Crim. App. Mar. 19, 2009), the court was faced with the situation at bar: the trial court had imposed the statutory minimum fine in violation of the Tennessee Constitution. The court remanded so that a new jury could be empaneled to fix the fine. *Id.* at *10. We conclude that a remand is necessary.

The defendant proposes that his fines be waived due to his indigence. Tennessee Code Annotated section 39-17-428(d)(1) allows the trial court to waive or reduce a fine in certain circumstances, including indigence. "However, a finding of indigence does not preclude a trial court from imposing the mandatory minimum fine." *State v. McCracken*, No. E2008-00361-CCA-R3-CD, 2008 WL 5330462, at *4 (Tenn. Crim. App. Dec. 22, 2008); *see also State v. Crawford*, No. 03C01-9611-CR-00397, 1998 WL 6930, at *5 (Tenn. Crim. App. Jan. 8, 1998) ("A declaration of indigency, standing alone, does not immunize the defendant from fines. It is merely one factor to be taken into account."). While we decline the defendant's invitation to waive the fine, we note that on remand, the trial court, considering the principles and factors of the Sentencing Act, may – if it chooses – exercise its discretion with regard to waiver of the fine. *See McCracken*, 2008 WL 5330462, at *4-5. If the trial court chooses not to waive the fine due to the defendant's indigence and the defendant likewise chooses not to waive his right to have a jury impose the fine, a new jury must be empaneled to determine the proper amount of the fine.

**CONCLUSION**

Because we conclude that the trial court did not abuse its discretion with regard to the length of the defendant's sentences, we affirm the length of the sentences. However, because the $2,000 fines were assessed in violation of the Tennessee Constitution, we vacate the fines and remand for further proceedings consistent with this opinion.

_____
JOHN EVERETT WILLIAMS, JUDGE