IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2017

**STATE OF TENNESSEE v. STEPHEN W. JACO**

**Appeal from the Circuit Court for Humphreys County**
**No. 12601    Larry J. Wallace, Judge**
_____

**No. M2016-00634-CCA-R3-CD – Filed June 20, 2017**
_____


A Humphreys County jury convicted the Defendant, Stephen W. Jaco, of driving under the influence (DUI) and unlawfully possessing a firearm while under the influence of alcohol. The trial court sentenced him to eleven months and twenty-nine days for each conviction to be served concurrently and on probation, after serving four days in jail. The trial court fined the Defendant $350 for his DUI conviction.  On appeal, the Defendant challenges the sufficiency of the evidence for his DUI conviction, the trial court's imposition of a fine, the trial court's failure to join all charges in one indictment, and the trial court's denial of his motion to dismiss based on double jeopardy principles. We conclude that the trial court erred in imposing the fine for the Defendant's DUI conviction, and we reverse the trial court's imposition of the fine and remand the matter for the empaneling of a jury to fix the fine.  The trial court's judgments are otherwise affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part and Reversed in Part; Case Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Anthony L. Clark and Chad A. Cox, Paris, Tennessee, for the appellant, Stephen W. Jaco.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; W. Ray Crouch, Jr., District Attorney General; and Talamage Woodall and Jack Arnold, Assistant District Attorneys General, for the appellee, State of Tennessee.


**OPINION**

## FACTUAL AND PROCEDURAL HISTORY

On March 28, 2012, at 10:23 p.m., Investigator Downing,[1] with the New Johnsonville Police Department, was dispatched to the scene of a domestic assault involving the Defendant and the Defendant's wife. At 10:40 p.m., Deputy R. Jay Phelps, with the Humphreys County Sheriff's Office, pulled over a vehicle matching the description of a vehicle associated with the domestic assault. After conducting a field sobriety test, Deputy Phelps arrested the Defendant, who was the driver of the vehicle, for DUI and unlawful possession of a firearm while under the influence of alcohol. Subsequently, in April 2013, a Humphreys County Grand Jury indicted the Defendant for DUI first offense, DUI per se, and unlawful possession of a firearm while under the influence of alcohol. Although the Defendant was also arrested for domestic assault on the same day and the charges were brought in New Johnsonville Municipal Court, those charges were later dismissed and expunged on June 4, 2013.

On July 30, 2013, the Defendant filed a motion to dismiss, arguing that mandatory joinder pursuant to Tennessee Rule of Criminal Procedure 8(a) required that his DUI and firearm charges be joined. He argued that all charges from March 28, 2012, could have been brought in Humphreys County General Sessions Court. On December 9, 2013, the trial court held a hearing on the motion to dismiss. The transcript of the hearing is not included in the record. According to the statement of evidence provided in the record, Investigator Downing, who was the arresting officer for the domestic assault charge in New Johnsonville Municipal Court, had knowledge of the DUI and firearm charges in Humphreys County General Sessions Court. Additionally, Sergeant Phelps, who was the arresting officer for the DUI and firearm charges in Humphreys County General Sessions Court, had knowledge of the domestic assault charge in New Johnsonville Municipal Court. The statement of the evidence referred to all of the charges, including the domestic assault charge, as arising from the same incident. It stated that "[a]ll charges were known to all officers and to all prosecutors" and that the domestic assault charge was dismissed and expunged from the Defendant's record on June 4, 2013, after the Defendant was indicted on the instant charges on March 27, 2013. We note that the record contains no further information regarding the domestic assault charge, including whether the Defendant was later indicted or re-indicted for domestic assault.[2] Following the hearing, the trial court denied the motion, finding that there was "not enough nexus to constitute a single criminal episode" to require joinder.

---

[1] The record does not provide this court with Investigator Downing's first name.
[2] It is unclear whether the Defendant was initially indicted for domestic assault.

We glean from the record that on August 19, 2014,[3] the Defendant's first trial date occurred, and the Defendant requested a mistrial following the revelation of allegedly exculpatory evidence. At the time of the revelation, the jury had been impaneled and sworn. The motion for a mistrial was granted. The statement of evidence explained that the discovery packet contained evidence that Sergeant Phelps declared that the Preliminary Breath Test device "only displayed a positive (+) or negative (-) for the presence of alcohol." During the jury-out testimony at the trial ending in a mistrial, however, Sergeant Phelps testified that he got a numerical reading from the testing device that he used. This discrepancy provided the basis of the mistrial. On August 25, 2014, the Defendant filed a motion to dismiss, arguing that double jeopardy principles protected him from a second prosecution for the DUI and firearm charges. The Defendant contended that because the jury had been impaneled and sworn at the first trial date, jeopardy had attached and the State was barred from further prosecutions in the matter.

On June 16, 2015, the Defendant's trial was held for the charges of DUI and unlawful possession of a firearm while under the influence of alcohol. Sergeant Phelps testified that on the day of the crimes, he received a "be on the look out" ("BOLO") from the dispatcher for the Defendant's vehicle. The statement of the evidence specifies that the BOLO was issued in response to a domestic assault allegation against the Defendant. Sergeant Phelps stated that he saw a vehicle that matched the description as provided in the BOLO and pulled the vehicle over. Sergeant Phelps testified that he identified the Defendant, the driver, as the person matching the description provided in the BOLO. Upon reaching the vehicle, Sergeant Phelps smelled a strong odor of alcohol on the Defendant and noticed that the Defendant's "eyes were bloodshot and watery." The Defendant admitted to consuming alcohol earlier that day. Sergeant Phelps explained that he administered two field sobriety tests, "the Walk and Turn and the One Leg Stand." He testified that, the Defendant "showed multiple clues of intoxication," including "missing heel-to-toe, hopping on one leg, and putting his foot down multiple times." The jury was shown a video of the Defendant's performance of the various roadside tests. Although Sergeant Phelps explained the video to the jury, the video itself was not admitted into evidence. Sergeant Phelps testified that based on the Defendant's field sobriety task performances, he placed the Defendant under arrest for DUI. He also testified that after arresting the Defendant, he administered a Preliminary Breath Test on the Defendant. Although he could not recall the exact BAC percentage given by the Preliminary Breath Test, he stated that the number was over 0.10. He then administered an "Intoximeter" test on the Defendant, which showed a BAC of 0.15. He stated that he conducted the test according to appropriate procedure.

---

[3] We note that there is ambiguity in the record concerning the date of the mistrial and whether there were two mistrials declared. For our purposes, the ambiguity is irrelevant to address the issue of double jeopardy.

Deputy Daniel Buchanan of the Humphreys County Sheriff's Office testified that he accompanied Sergeant Phelps on patrol on March 28, 2012. While Sergeant Phelps was conducting the DUI stop, Deputy Buchanan searched the Defendant's vehicle and found a firearm. The firearm was admitted into evidence at trial.

Special Agent Trey Miles with the Tennessee Bureau of Investigation was accepted by the trial court as an expert in forensic science. He testified that the "Intoximeter" that Sergeant Phelps used on the Defendant was "in good working order" and that if the device had not been in good working order, it would not have provided a result.

Following the conclusion of proof, the trial court instructed the jury on DUI, first offense; DUI per se; and unlawful possession of a firearm while under the influence of alcohol. The trial court did not instruct the jury on the existence of a statutorily required fine for a DUI conviction. *See* T.C.A. § 55-10-403(a)(1). The jury found the Defendant guilty of DUI, first offense, and unlawful possession of a firearm while under the influence of alcohol. The trial court sentenced the Defendant to eleven months and twenty-nine days for each conviction, to be served concurrently and on probation, after serving four days in jail. The trial court imposed the minimum fine of $350 for the DUI, first offense, conviction. *See* T.C.A. § 55-10-403(a)(1).

## ANALYSIS

### I.   Sufficiency of the Evidence

The Defendant argues that Sergeant Phelps' testimony alone was not sufficient to support the jury's DUI conviction. The State disagrees.

When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). The appellate court determines "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Goodwin*, 143 S.W.3d 771, 775 (Tenn. 2004). Instead, this court affords the State the strongest legitimate view of the evidence contained in the record, as well as all reasonable and legitimate inferences that may be drawn from that evidence. *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003). "A guilty verdict by the jury, approved by the trial court, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the prosecution's theory." *State v.*

*Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). The conviction replaces the presumption of innocence with a presumption of guilt, and the accused has the burden of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

Under Tennessee Code Annotated section 55-10-401, it is unlawful for the driver of a vehicle to be "[u]nder the influence of any intoxicant … that impairs the driver's ability to safely operate a motor vehicle by depriving the driver of the clearness of mind and control of oneself that the driver would otherwise possess." T.C.A. § 55-10-401(a)(1) (2011).

Here, the Defendant argues that because the video of the stop and arrest "was not entered into evidence" and "there was no evidence of intoxication obtained through blood or breath," the evidence is insufficient to support his conviction. He contends that although the video was shown to the jury, the video was not *admitted* into evidence because it was not made an exhibit. The Defendant offers no support for this assertion and we find none. The mere fact that evidence brought out at trial is not introduced as an exhibit does not render the evidence improper for use by the jury. Further, we note that the Defendant does not otherwise challenge the video's admissibility or claim that the jury should not have been allowed to the view the video at trial.

Even if we are to assume that the video was not properly before the jury for their consideration, we view the officer's testimony and blood alcohol test results in the light most favorable to the State. *Elkins*, 102 S.W.3d at 581. The evidence shows that Sergeant Phelps saw the Defendant driving the vehicle. Upon approaching the Defendant in his vehicle, Sergeant Phelps smelled alcohol on the Defendant and noticed that his eyes were bloodshot. Sergeant Phelps then conducted two field sobriety tests, which the Defendant failed. Additionally, the Defendant admitted to Sergeant Phelps that he had been drinking alcohol that day. Although the Defendant claims that "there was no evidence of intoxication obtained through blood or breath," the evidence shows that his blood alcohol content, which Sergeant Phelps tested, was above the legal limit. T.C.A. § 55-10-401(2). Further, the Defendant's blood alcohol test results were introduced into evidence. Accordingly, we hold that the evidence is sufficient to uphold the Defendant's DUI conviction.

## II. Constitutionality of Fine

The Defendant next asserts that the fines imposed on him violate article VI, section 14 of the Tennessee Constitution. The State argues that any error in imposing the fines was waived because the record is inadequate, and absent waiver, that the fine is not prejudicial because the trial court imposed the minimum statutorily allowed fine.

The State argues that the Defendant's claim regarding the constitutionality of the fine is waived because "there are no jury instructions in the record." We are perplexed by the State's argument because the appellate record includes the written jury instructions, which establish that the trial court failed to instruct the jury on the applicable fine for DUI, first offense. Accordingly, this issue is not waived.

Article VI, section 14 of the Tennessee Constitution prohibits the assessment of a fine in excess of fifty dollars unless imposed by a jury. The procedure to be followed in the imposition of a fine in excess of fifty dollars is that "[t]he jury shall report such fine with a verdict of guilty. When imposing sentence, after the sentencing hearing, the court shall impose a fine, if any, not to exceed the fine fixed by the jury." T.C.A. § 40-35-301(b). There are two exceptions to the rule that only a jury may fix such a fine: (1) the defendant may waive his right for a jury to determine the amount; and (2) such a fine may be imposed when it is "statutorily specified and allows no judicial discretion in its imposition." *State v. Martin*, 940 S.W.2d 567, 570 (Tenn. 1997) (citations omitted). The jury fixed no fine in this case, and the Defendant did not waive his right to have a jury specify the fine. Tennessee Code Annotated section 55-10-403(a)(1) specifies a range that allows discretion in imposing the fine for DUI, first offense, which ranges from $350 to $1,500. Here, the trial court imposed the mandatory minimum fine of $350 required by statute. In *State v. Martin*, the Tennessee Supreme Court concluded that because "the statute prescribes only a minimum fine," "the trial judge exercised some measure of discretion." *Martin*, 940 S.W.2d at 570. Accordingly, the fine in Tennessee Code Annotated section 55-10-403(a)(1), which prescribes a minimum and maximum allowable fine, does not permit judicial discretion and may only be imposed by a jury.

In *State v. Martin,* after concluding that the fine was imposed in error absent a jury determination, the Tennessee Supreme Court refused to replace the amount imposed by the trial court with the mandatory minimum fine; instead, it remanded for a jury to determine the amount of the fine. *Id.* at 570-71. The Court reasoned that even the imposition of the statutory minimum was an exercise of judicial discretion in violation of the Tennessee Constitution. *Id.* at 571.

There is some precedent supporting the proposition that the error may be deemed harmless, as the State asserts. In *State v. Green*, 129 Tenn. 619, 167 S.W. 867, 868 (Tenn. 1914), the Tennessee Supreme Court concluded that "[w]hile it was error for the court to assess the fine without submitting the question of its amount to the jury, it is not reversible error, because he exercised his assumed power for the benefit of the plaintiff in error," and ultimately determined it "would be useless to reverse and remand." *Id*

However, the weight of authority has required a remand to allow a jury to determine the fine. In *Upchurch v. State*, 153 Tenn. 198, 281 S.W. 462, 463-64 (Tenn.

1926), the Tennessee Supreme Court concluded that imposition of statutory minimum fine required remand and disapproved of the result in *State v. Green. See also State v. John F. Wallace*, No. W2005-02477-CCA-R3-CD, 2006 WL 3085505, at *4-5 (Tenn. Crim. App. Oct.31, 2006) (remanding to allow jury to determine non-statutory fine); *State v. Donald Lee Reid*, No. M2000-02026-CCA-R3-CD, 2001 WL 1028815, at *5-6 (Tenn. Crim. App. Sept. 7, 2001) (remanding for determination of statutory fine). In *State v. Stanley Keith Holt*, No. M2008-00047-CCA-R3-CD, 2009 WL 736665, at *9-10 (Tenn. Crim. App. Mar. 19, 2009), this court was faced with the situation at bar: the trial court had imposed the statutory minimum fine in violation of the Tennessee Constitution. The court remanded so that a new jury could be empaneled to fix the fine. *Id.* at *10; *see also State v. Paul Allen St. Clair*, M2012-00578-CCA-R3-CD, 2013 WL 1611206, at *4-5 (Tenn. Crim. App. Apr. 16, 2013), *perm. app. denied* (Tenn. July 12, 2013). We conclude that a remand is necessary. If the Defendant chooses not to waive his right to have a jury impose the fine, a new jury must be empaneled to determine the proper amount of the fine.

### III. Mandatory Joinder of Charges

The Defendant argues that all charges brought against him on March 28, 2012, should have been brought together under the same indictment. He contends that the domestic assault charge brought in New Johnsonville Municipal Court should have instead been brought in Humphreys County General Sessions Court with his DUI and firearm charges. The State argues that the Defendant has waived this argument on appeal because he failed to include a transcript of the pretrial hearing in the record and that, despite wavier, he is not entitled to relief because trial court correctly found that the evidence did not support a finding that that the offenses were "based on the same conduct or arise from the same criminal episode." Tenn. R. Crim. P. 8(a)(1)(A).

The record provided to this court for appellate review includes the Defendant's motion to dismiss pursuant to Tennessee Rule of Criminal Procedure 8, the State's response to the motion, and the trial court's order denying the motion to dismiss. The record ultimately does not include the transcript of the hearing on the motion to dismiss, but it does establish that both law enforcement agencies knew of the other charges and the timing of the events. Additionally, the record contains the trial court's finding that the facts underlying the charges did not establish sufficient "nexus to constitute a single criminal episode." Accordingly, we hold that the Defendant's argument is not waived and proceed to the merits of the argument.

In *State v. Baird*, this court concluded that the trial court's factual findings related to mandatory joinder under Tennessee Rule of Criminal Procedure 8(a) were binding on appeal unless the evidence preponderated otherwise and that the trial court's legal

- 7 -

conclusions and application of law to the facts were reviewed de novo. 88 S.W.3d 617, 620 (Tenn. Crim. App. 2001); *see also State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999) (holding that the proper standard of review for claims under Rule 8(b) or Rule 14 is abuse of discretion but stating that the new Rules, including mandatory joinder, have significantly limited the court's discretion); *compare State v. Schiefelbein*, 230 S.W.3d 88, 125 (Tenn. Crim. App. 2007); *State v. Thompson*, 88 S.W.3d 611, 613 (Tenn. Crim. App. 2000) (noting that in cases of mandatory joinder, the trial court retains discretion to sever under Rule 14). Likewise, the Tennessee Supreme Court in *State v. Johnson* conducted a de novo review of the trial court's application of Rule 8(a) when the facts had been stipulated by the parties. *State v. Johnson*, 342 S.W.3d 468, 471–72 (Tenn. 2011). Accordingly, we review the trial court's legal conclusions and application of law to the facts de novo. The trial court's findings of fact are binding if the evidence does not preponderate otherwise.

Tennessee Rule of Criminal Procedure 8(a) governs the mandatory joinder of offenses. Under Rule 8(a):

> (1) *Criteria for Mandatory Joinder.* Two or more offenses shall be joined in the same indictment, presentment, or information, with each offense stated in a separate count, or the offenses consolidated pursuant to Rule 13, if the offenses are:
>
> (A) based on the same conduct or arise from the same criminal episode;
>
> (B) within the jurisdiction of a single court; and
>
> (C) known to the appropriate prosecuting official at the time of the return of the indictment(s), presentment(s), or information(s).
>
> (2) *Failure to Join Such Offenses.* A defendant shall not be subject to separate trials for multiple offenses falling within Rule 8(a)(1) unless they are severed pursuant to Rule 14.

Tenn. R. Crim. P. 8(a). The Advisory Commission's Comment to Rule 8(a) notes that the Rule is also designed to encourage the disposition of offenses based on the same conduct or criminal episode in one trial. *See also State v. Carruthers*, 35 S.W.3d 516, 573 (Tenn. 2000) (appendix) ("The purpose of Rule 8 is to promote efficient administration of justice and to protect the rights of the accused.").

The Defendant's domestic assault charge was ultimately dismissed in city court, and there is nothing showing that the Defendant was later indicted for the offense.

- 8 -

Separate trials are only improper when the relevant offenses are subject to mandatory joinder. Tenn. R. Crim. P. 8(a). Because the Defendant has not been subject to separate trials for the two sets of charges, we hold that there is no Rule 8 violation. We glean from the record that the domestic assault charge was dismissed after the Defendant was indicted on the DUI and firearm charges and, therefore, conclude that there was nothing to join.

If the charges indeed arose from the same criminal episode, the State might be prohibited from later trying him on the domestic assault. However, the record here supports the trial court's conclusion that they were not the same episode. Although the evidence establishes that all charges were brought in the same county and that the police officers knew of the separate charges brought against the Defendant, the Defendant failed to provide proof that the charges arose from the same criminal episode. The record merely shows that the facts underlying all of the charges occurred during the same day, not the same episode. In fact, the record establishes that there was a "break in the action" between the domestic assault and the Defendant's being stopped in his vehicle because the Defendant left the scene of the domestic assault and drove away. *Johnson*, 342 S.W.3d at 475 (citing 9 *Tennessee Criminal Practice and Procedure* § 17:17, at 601) ("A break in the action may be sufficient to interrupt the temporal proximity required for a single criminal episode to exist."). We hold that nothing in the record preponderates against the trial court's finding that the domestic assault charge and the DUI and firearm charges were not part of the same criminal episode. Accordingly, we hold that the trial court properly denied the Defendant's motion to dismiss based on mandatory joinder.

## IV.    Double Jeopardy

The Defendant argues that the trial court erred by denying his motion to dismiss based on a violation of the principles of double jeopardy. The Defendant contends that because the jury was sworn and impaneled, jeopardy attached and further prosecution is in violation of the Fifth Amendment of the United States Constitution and article I, section 10 of the Tennessee Constitution. He argues that the trial court should have declared a mistrial, rather than continuing the trial. The State argues that the Defendant failed to provide an adequate record on the issue of double jeopardy and, therefore, waived the issue for our review.

The relevant portions of the record provided to this court for appellate review include only the statement of evidence, which provides a brief and incomplete picture of the proceedings that resulted in a mistrial. Although the Defendant refers to some relevant information in his brief and motion for a new trial, we cannot consider his factual allegations as evidence. *See State v. Bennett*, 798 S.W.2d 783, 789 (Tenn. Crim. App. 1990). The record ultimately does not include the transcript of any of the

proceedings from the mistrial or the trial court's alleged denial of his motion to dismiss. We must, therefore, presume that the trial court's alleged denial of the motion to dismiss was proper. *Griffis*, 964 S.W.2d at 592-93. Accordingly, we hold that the Defendant's argument is waived. *Mickens*, 123 S.W.3d at 387.

## CONCLUSION

Based on the foregoing analysis, and the trial court's judgments are affirmed in part and reversed in part, and the case is remanded to the trial court for further proceedings consistent with this opinion.

_____
JOHN EVERETT WILLIAMS, JUDGE