FILED
07/02/2020
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 15, 2020

## STATE OF TENNESSEE v. BRYAN JAMES COOKE

**Appeal from the Circuit Court for Warren County**
**No. 2016-CR-894   Larry B. Stanley, Jr., Judge**

———————————————————

## No. M2019-01164-CCA-R3-CD

———————————————————

The Defendant, Bryan James Cooke, challenges his effective sentence of two consecutive terms of life imprisonment without the possibility of parole resulting from his convictions of two counts of first degree premeditated murder, two counts of felony murder, two counts of aggravated burglary, and a theft offense. Both the Defendant's motion for a new trial and his notice of appeal were filed over one year after the entry of the judgment forms, and the Defendant has given no explanation of the untimely filings. Accordingly, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Michael J. Rocco (on appeal), Sparta, Tennessee; and Bud Sharp (at trial), McMinnville, Tennessee, for the appellant, Bryan James Cooke.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; Lisa Zavogiannis, District Attorney General; and Randall Gilliam, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

The evidence presented at trial established that on June 28, 2015, the Defendant entered the home of his in-laws, Mr. Gary Dodson and Mrs. Nancy Gail Dodson in Warren County, Tennessee, and stabbed them repeatedly, killing them. The Defendant

took the victims' money and fled in their vehicle. He was later apprehended in Florida. The jury convicted the Defendant of two counts of first degree premeditated murder, two counts of felony murder, two counts of especially aggravated burglary, and one count of theft of property valued at more than $1,000. The State agreed to reduce the two counts of especially aggravated burglary to aggravated burglary.

The case then proceeded to the penalty phase during which the State sought a sentence of life without parole for the Defendant's murder convictions. The State relied upon the following aggravating circumstances: (5) "[t]he murder was especially heinous, atrocious, or cruel, in that it involved torture or serious physical abuse beyond that necessary to produce death" and (17) "[t]he murder was committed at random and the reasons for the killing are not obvious or easily understood." T.C.A. § 39-13-204(i)(5), (17). At the conclusion of the hearing, the jury imposed sentences of life without the possibility of parole based upon its finding that the murders were "especially heinous, atrocious, or cruel." *See* T.C.A. § 39-13-204(i)(5).

Following a separate sentencing hearing, the trial court imposed six-year sentences for each of the aggravated burglary convictions and a two-year sentence for the theft conviction, which the trial court reduced to a Class E felony based upon an amendment to Tennessee Code Annotated section 39-14-105. The trial court merged the conviction of felony murder of Mr. Dodson into the conviction of first degree premeditated murder of Mr. Dodson and the conviction of felony murder of Mrs. Dodson into the conviction of first degree premeditated murder of Mrs. Dodson. The trial court also merged the aggravated burglary convictions. The trial court ordered that the sentences of life without the possibility of parole for the two first degree murder convictions run consecutively to each other and concurrently to the sentences for the remaining convictions.

The judgments were entered on February 26, 2018. On April 15, 2019, the Defendant filed an untimely motion for new trial, followed by an amended motion. On June 4, 2019, the trial court entered an order denying the Defendant's motion for new trial. On June 28, 2019, the Defendant filed a notice of appeal.

## ANALYSIS

The Defendant contends that the evidence is insufficient to support the jury's application of the heinous, atrocious, or cruel aggravating circumstance and that the trial court erred in imposing partial consecutive sentences. However, as noted by the State, the Defendant failed to timely file a motion for new trial.

"A motion for new trial shall be in writing or, if made orally in open court, be reduced to writing, within thirty days of the date the order of sentence is entered." Tenn.

R. Crim. P. 33(b). This thirty-day time limit for filing a motion for new trial is jurisdictional, and an untimely motion for new trial "is a nullity." *State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989) (footnote omitted). "A trial judge does not have jurisdiction to hear and determine the merits of a motion for new trial which has not been timely filed." *State v. Bough*, 152 S.W.3d 453, 460 (Tenn. 2004). The failure to file a timely motion for new trial deprives a defendant of the opportunity to argue on appeal any issues that should have been raised in the motion for new trial. *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997). Our supreme court has recognized that the failure to timely file a motion for new trial waives plenary review of all issues "except for sufficiency of [the] evidence and sentencing." *Bough*, 152 S.W.3d at 460. Moreover, this court has held that "the failure to file a motion for a new trial, the late filing of a motion for a new trial, and the failure to include an issue in a motion for a new trial results in waiver of all issues, which, if found to be meritorious, would result in the granting of a new trial." *State v. Keel*, 882 S.W.2d 410, 416 (Tenn. Crim. App. 1994) (footnote omitted).

A notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). The untimely filing of a motion for new trial does not toll the time for filing a notice of appeal; therefore, an untimely motion for new trial also will result in an untimely notice of appeal. *See State v. Davis*, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987). This court may, in the interest of justice, waive the requirement of the timely filing of a notice of appeal. *See* Tenn. R. App. 4(a). However, this court does not have the authority to waive the untimely filing of a motion for new trial. *State v. Stephens*, 264 S.W.3d 719, 728 (Tenn. Crim. App. 2007), *abrogated on other grounds as recognized by State v. Randall T. Beaty*, No. M2014-00130-CCA-R3-CD, 2016 WL 3752968, at *20 (Tenn. Crim. App. July 8, 2016). Waiver of the timely notice of appeal requirement "is not automatic and should only occur when 'the interest of justice' mandates waiver." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). "If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." *Id.* (citing *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996)). In determining whether to grant a waiver, "'this court will consider the nature of the issue presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case.'" *Id.* (quoting *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)).

The Defendant did not file his motion for new trial until more than one year after the judgments were entered. Because his motion for new trial is untimely, his notice of appeal is also untimely. Despite the fact that the State pointed out the Defendant's

untimely motion for new trial and notice of appeal in its brief, the Defendant failed to file a reply brief or any other pleading providing an explanation for the untimely filings. Furthermore, the absence of the sentence hearing transcript from the appellate record precludes our review of the trial court's imposition of partial consecutive sentences. *See* Tenn. R. App. P. 24(b) (noting that the appellant has the duty to have prepared those parts of the proceedings which are "necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal"); *State v. Lesergio Duran Wilson*, No. M2017-01950-CCA-R3-CD, 2019 WL 246249, at *11 (Tenn. Crim. App. Jan. 17, 2019), *perm. app. denied* (Tenn. May 16, 2019) (holding that the defendant waived his challenge to the trial court's imposition of consecutive sentences by failing to include the transcript of the sentencing hearing in the appellate record). Based on these circumstances, we conclude that the interest of justice does not require waiver of the timely notice of appeal requirement. Accordingly, we dismiss the appeal.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE