FILED

05/29/2025

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 20, 2025, at Knoxville

**STATE OF TENNESSEE v. CAMERON HENDERSON**

**Appeal from the Criminal Court for Shelby County**
No. 19-06970     Jennifer Johnson Mitchell, Judge

_____

**No. W2024-01284-CCA-R3-CD**

_____

Defendant, Cameron Henderson, appeals his Shelby County convictions for sexual battery and aggravated sexual battery for which he received an effective sentence of 7.2 years of confinement as an especially mitigated offender to be served at a rate of 100 percent. On appeal, Defendant contends that the trial court erred in admitting evidence of other bad acts pursuant to Tennessee Rule of Evidence 404(b), in declining to instruct the jury on child abuse and neglect as a lesser included offense of aggravated sexual battery, and in ordering him to serve 100 percent of his sentence. Because Defendant failed to file a timely motion for new trial and a timely notice of appeal, we dismiss the appeal.

**Tenn. R. App. P. Appeal as of Right; Appeal Dismissed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

J. Jeffrey Lee, Covington, Tennessee, for the appellant, Cameron Henderson.

Jonathan Skrmetti, Attorney General and Reporter; Ryan Dugan, Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Russell Born, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual and Procedural History**

In December 2019, Defendant was indicted on two counts of aggravated sexual battery and one count of sexual battery. The offenses involved two different victims and occurred between December 2010 and May 2018 during which the victims and Defendant

were minors.[1]  Following a trial in April 2024, the jury convicted Defendant of one count of aggravated sexual battery and one count of sexual battery as a lesser included offense of aggravated sexual battery and acquitted him of the sexual battery charge.

Following a sentencing hearing on July 10, 2024, the trial court found that Defendant was an especially mitigated offender and imposed an effective sentence of 7.2 years to be served in confinement at a rate of 100 percent.  The judgments also were entered on July 10, 2024.  On August 19, 2024, Defendant filed an untimely motion for new trial in which he challenged the trial court's admission of evidence of other bad acts pursuant to Tennessee Rule of Evidence 404(b), the court's failure to charge child abuse and neglect as a lesser included offense of aggravated sexual battery, and the court's setting Defendant's release eligibility for his sentence from his aggravated sexual battery conviction at 100 percent while finding him to be an especially mitigated offender.  On the same day Defendant filed his untimely motion for new trial, the trial court held a hearing on the motion and entered an order denying relief.  On August 22, 2024, Defendant filed an untimely notice of appeal.

## II.  Analysis

As an initial issue, we must address the timeliness of Defendant's appeal.  A defendant has thirty days from entry of the judgment in which to file a motion for new trial. *See* Tenn. R. Crim. P. 33(b).  This thirty-day provision is jurisdictional, and the time for filing cannot be extended.  *See* Tenn. R. Crim. P. 45(b); *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997).  The judgments in the present case were entered on July 10, 2024, and Defendant had thirty days, or until August 9, 2024, in which to file a timely motion for new trial.  *See* Tenn. R. Crim. P. 33(b); *State v. Stephens*, 264 S.W.3d 719, 729 (Tenn. Crim. App. 2007) (concluding that the filing of the judgment constitutes the entry of the "order of sentence" for purposes of Rule 33), *abrogated on other grounds as stated in State v. Beaty*, No. M2014-00130-CCA-R3-CD, 2016 WL 3752968, at *20 (Tenn. Crim. App. July 8, 2016).  Defendant, however, did not file a motion for new trial until August 19, 2024, which was ten days late.  Although the trial court considered Defendant's motion for new trial on its merits, a trial court does not have jurisdiction to hear and determine the merits of an untimely filed motion for new trial, and a trial court's erroneous consideration of an untimely motion for new trial does not validate the motion for purposes of appellate review. *See Martin*, 940 S.W.2d at 569; *see also State v. Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *2 (Tenn. Crim. App. Nov. 9, 2023) (holding that neither the parties' agreement to hear the motion on its merits nor the trial court's consideration of an untimely motion for new trial validates the motion), *perm. app. denied* (Tenn. May 16,

---

[1] Defendant was initially charged in juvenile court and was transferred to criminal court to be tried as an adult.

2024). Our supreme court has recognized that the failure to timely file a motion for new trial waives plenary review of all issues "except for sufficiency of [the] evidence and sentencing." *State v. Bough*, 152 S.W.3d 453, 460 (Tenn. 2004), *abrogated on other grounds by State v. Thomas*, 687 S.W.3d 223 (Tenn. 2024). This court also has held that "the failure to file a motion for a new trial, the late filing of a motion for a new trial, and the failure to include an issue in a motion for a new trial results in waiver of all issues which, if found to be meritorious, would result in the granting of a new trial." *State v. Keel*, 882 S.W.2d 410, 416 (Tenn. Crim. App. 1994) (footnote omitted).

Due to Defendant's failure to file a timely motion for new trial, he has waived plenary review of his claims challenging the admission of evidence and the trial court's failure to instruct the jury on child abuse and neglect as a lesser included offense of aggravated sexual battery. The only issue raised by Defendant that is subject to plenary review is his claim that the trial court erred in setting his release eligibility for his aggravated sexual battery instruction at 100 percent while also finding him to be an especially mitigated offender.

However, Defendant's notice of appeal also was untimely. A notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The untimely filing of a motion for new trial does not toll the time for filing a notice of appeal; therefore, an untimely motion for new trial also will result in an untimely notice of appeal." *State v. Rutherford*, No. E2019-00063-CCA-R3-CD, 2020 WL 587078, at *8 (Tenn. Crim. App. Feb. 5, 2020) (citing *State v. Davis*, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987)). Unlike in civil cases, notices of appeal filed in criminal cases are "not jurisdictional and the timely filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). The appellate court "shall be the court that determines whether such a waiver is in the interest of justice." *Id*. This court has recognized that the appellant has the burden of properly perfecting his appeal or demonstrating that the interest of justice warrants waiver of the timely filing requirement. *See Manning*, 2023 WL 7439203, at *2 (citing *State v. Thomas*, No. W2022-00109-CCA-R3-CD, 2023 WL 328337, at *3 (Tenn. Crim. App. Jan. 20, 2023)). Defendant neither asked for a waiver of the requirement nor offered any explanation for his failure to file a timely motion for new trial and notice of appeal. As such, he has failed to meet his burden, and we dismiss the appeal.

### III. Conclusion

In light of the foregoing reasoning and authorities, we conclude that Defendant's motion for new trial and notice of appeal were not timely filed, and his appeal, therefore, is dismissed.

_s/ Matthew J. Wilson_
MATTHEW J. WILSON, JUDGE
