IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 14, 2026 Session

## STATE OF TENNESSEE v. DONAVOUS DRENNON

**Appeal from the Circuit Court for Rutherford County**
**No. 83498    Barry R. Tidwell, Judge**

_____

### No. M2024-01145-CCA-R3-CD

_____

Defendant, Donavous Drennon, was indicted with one count of second degree murder in Count 1, one count of aggravated assault resulting in death in Count 2, one count of tampering with evidence in Count 3, two counts of possessing a handgun after being convicted of a felony drug offense in Counts 4 and 5, and two counts of employing a firearm during the commission of a dangerous felony after being convicted of a dangerous felony in Counts 6 and 7.  Prior to trial, the trial court merged Count 5 into Count 4 and bifurcated Counts 6 and 7.  After trial, a jury acquitted Defendant on Counts 1 and 2 but convicted him on Counts 3 and 4, and the trial court dismissed Counts 6 and 7.  On appeal, Defendant argues that (1) the trial court committed plain error by improperly implying to the jury that the defense of self-defense did not apply to Defendant's charge of possessing a handgun after being convicted of a felony drug offense; (2) the Double Jeopardy Clause of the United States Constitution prevents retrial upon reversal of his conviction for the same; and (3) the evidence was insufficient to sustain his conviction for tampering with evidence.  After review, we dismiss Defendant's appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and JILL BARTEE AYERS, JJ., joined.

Paul Andrew Justice, III, Murfreesboro, Tennessee, for the appellant, Donavous Drennon.

Jonathan Skrmetti, Attorney General and Reporter; William C. Lundy, Assistant Attorney General; Jennings H. Jones, District Attorney General; and Trevor H. Lynch, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The case arose from Defendant's shooting and killing of Robert Wilson that occurred on July 27, 2018, at Uptown Suites, an extended-stay hotel in Smyrna, Tennessee. At trial, Defendant claimed that the shooting was performed in self-defense after Mr. Wilson attacked him for holding a puppy by the "scruff" of its neck. Defendant stipulated that he was previously convicted of a felony drug offense. A petit jury found Defendant guilty as charged in Counts 3 and 4 but acquitted him in Counts 1 and 2. The trial court dismissed Counts 6 and 7. After a sentencing hearing, the trial court sentenced Defendant to an effective sentence of eight years' incarceration, and this appeal followed.

*Analysis*

On appeal, Defendant argues that (1) the trial court committed plain error by improperly implying to the jury that the defense of self-defense did not apply to Defendant's charge of possessing a handgun after being convicted of a felony drug offense; (2) that the Double Jeopardy Clause of the United States Constitution prevents retrial upon reversal of his conviction for the same; and (3) the evidence was insufficient to sustain his conviction for tampering with evidence. The State argues that Defendant's appeal should be dismissed because his notice of appeal was untimely and the interest of justice does not support waiver. Defendant concedes that the notice of appeal was untimely but urges this Court to waive the untimeliness in the interest of justice. We see no merit in the granting of waiver.

The judgments reflecting Defendant's convictions for tampering with evidence and possession of a handgun after being convicted of a felony drug offense were entered on September 22, 2022. Fifty-seven days later, Defendant filed an untimely "skeletal" motion for new trial on December 19, 2022. Defendant argued that "the verdict [was] against the manifest weight of the evidence." Defendant filed an amended motion for new trial on July 8, 2024, further asserting, as relevant here, that the evidence was insufficient to sustain his conviction for possessing a handgun after being convicted of a felony drug offense. The trial court entered an order on Defendant's motion for new trial on July 31, 2024, and Defendant filed his notice of appeal the same day.

A notice of appeal must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from[.]" Tenn. R. App. P. 4(a). While a timely motion for new trial generally tolls the filing period for the notice of appeal, an untimely motion for new trial does not. *State v. Davis*, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987). Therefore, a late motion for new trial will result in a late notice of appeal. *See id.* A motion for new trial "shall be made . . . within thirty days of the date the order of sentence is entered." Tenn. R. Crim. P. 33(b). This thirty-day filing period may not be extended by the trial court. *Id.* 45(b)(3). Neither will a trial court's "erroneous

- 2 -

consideration [and] ruling on a motion for new trial not timely filed . . . validate the motion." *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997) (citing *State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989)).

The trial court entered Defendant's judgments on September 22, 2022. Therefore, Defendant had until October 24, 2022[1], to file his motion for new trial. *See* Tenn. R. Crim. P. 33(b). However, Defendant filed his "skeletal" motion for new trial on December 19, 2022, rendering the motion fifty-seven days late. *See id.* The trial court's order erroneously considering the motion does not validate Defendant's motion for purposes of tolling the filing period. *See Martin*, 940 S.W.2d at 569. Consequently, Defendant's notice of appeal was also untimely because it was not filed until July 31, 2024. *See Davis*, 748 S.W.2d at 207. Nevertheless, Defendant asks us to waive the untimely filing of his notice of appeal in the interest of justice.

An untimely filing of a notice of appeal in all criminal cases may "be waived in the interest of justice." Tenn. R. App. P. 4(a). In determining whether waiver is appropriate, "this [C]ourt will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). Whether the appellant requests waiver is also relevant. *Id.* (considering the State's failure to seek waiver of its untimely notice of appeal in determining whether the interest of justice would favor waiver); *State v. Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *6 (Tenn. Crim. App. Nov. 9, 2023) (finding defendant's failure to seek waiver was a relevant factor that weighed against waiver), *perm. app. denied* (Tenn. May 16, 2024). The appealing party "bears the responsibility to properly perfect his [or her] appeal or to demonstrate that the 'interests of justice' merit waiver of an untimely filed notice of appeal." *State v. Thomas*, No. W2022-00109-CCA-R3-CD, 2023 WL 328337, at *3 (Tenn. Crim. App. Jan. 20, 2023), *perm. app. denied* (Tenn. June 7, 2023); Tenn. R. App. P. 4(a).

In support of his request for waiver, Defendant claims that he "has been railroaded." First, he asserts that waiver is appropriate because his trial attorney "wrongly conceded his guilt on [f]elon in [p]ossession[]—a crime for which he is statutorily innocent . . . and on which the judge wrongly instructed." Second, he claims that he "was bizarrely charged with [t]ampering based solely on the fact that he didn't abandon his gun at the scene of the shooting[.]" Defendant also insists that he was "harmed by the loss of his trial lawyer, who withdrew before perfecting any post[-]trial motion" and "by his appointed counsel's failure even to file any motion for new trial for months after sentencing" when appointed counsel

---

[1] Thirty days from September 22, 2022, fell on Saturday, October 22, 2022. Therefore, Defendant had until the following Monday on October 24, 2022, to file the motion. *See* Tenn. R. App. P. 21(a).

filed a skeletal motion. Finally, he claims that his notice of appeal would not have been so untimely had the trial court ruled on or dismissed the motion earlier.

After considering the *Rockwell* factors, we conclude that the interest of justice does not support waiving the untimeliness of Defendant's appeal. Defendant filed his notice of appeal over a year and a half after his convictions became final, rendering his appeal significantly late. While Defendant attempts to explain away this late filing by asserting that he filed his notice of appeal on the same day that the trial court purported to rule on his amended motion for new trial, Defendant has failed to explain why his original motion for new trial was fifty-seven days late. Similarly, Defendant has failed to explain why he could not have filed a notice of appeal within thirty days of the entry of his convictions. Consequently, Defendant has failed to carry his burden of demonstrating that the interest of justice supports waiver. *Thomas*, 2023 WL 328337, at *3. Defendant's appeal is dismissed.

## CONCLUSION

Based on the foregoing, the appeal is dismissed.


_S/Timothy L. Easter_____
TIMOTHY L. EASTER, JUDGE